[No. 1263, August 16, 1910.]

JOHN KING, Appellant, v. LEVI TABOR, Appellee.

SYLLABUS (BY THE COURT.)

1. The court is under no obligation in a civil case to instruct the jury unless requested so to do; and hence the fact that an instruction is insufficient is not available error unless a sufficient instruction was requested.

King v. Tabor.

2. In the absence of any specific agreement for the measurement of hay in stacks, the rule of measurement laid down in Chapter 34 of the Session Laws of 1901, entitled "An Act to establish a legal method of measuring hay," will control.

3. Under the general assignment of error that the verdict of the jury and the judgment thereon are contrary to the evidence in the case, the only question that can be considered by the court is whether there is any substantial evidence to support the verdict. Candelaria v. Miera, 13 N. M. 360.

Appeal from the District Court for Union County before WILLIAM J. MILLS. Affirmed upon Remittitur.

CATRON & CATRON for Appellant.

Where, no provision is made in the contract for the measurement of hay, if there is a statute in force prescribing the method of measuring hay, such statute must be applied. Laws 1901, ch. 34.

The court will not disturb a verdict where it is merely against the preponderance of the evidence, but where there is no evidence on a point essential to support the verdict it is otherwise. Waldo v. Beckwith, 1 N. M. 97; Badeau v. Baca, 2 N. M. 194; Rody v. Trav. Ins. Co., 3 N. M. 543; Crolot v. Maloy, 2 N. M. 198; Vasquez v. Spiegelberg, 1 N. M. 464; Archibeque v. Miera, 1 N. M. 160; Perea v. Barela, 6 N. M. 239; Ruhe v. Abreu, 1 N. M. 247; Frick v. Joseph, 2 N. M. 138; Hammond v. Jewett, 22 Neb. 359; Helfrich v. Ogden City R. Co., 71 Utah 186; Pratt v. Clawson, 7 Utah 254; Caldwell v. Craig, 71 Gratt, Va. 132; Grayson v. Buchanan, 88 Va. 251; Keggy v. Height, 12 Ill. 100; Ham v. State, Texas, 15 S. W. Rep. 405; Vogle v. Wadforth, 48 Iowa 28; Knox v. Hanlon, 48 Iowa 252; Smith v. Walker, 49 Iowa 289.

Where the facts upon which a decision is based are uncontroverted their legal effect is a question of law and the appellate court may inquire whether they warrant the

decision. Knapp v. Standley, 45 Mo. App. 264; Bruen v. Kansas City, A. etc., 40 Mo. App. 425; Waddel v. Williams, 50 Me. 216; Henry v. Bell, 75 Mo. 194; Douglas v. Arr, 58 Mo. 573; Moore v. Hutchinson, 69 Mo. 429.

A refusal to find a fact which is supported by undisputed evidence is reversible as a question of law. Bedlow v. N. Y. Floating Dry Dock Co., 112 N. Y. 263; The City of N. Y., 147 U. S. 77; The Francis Wright, 105 U. S. 381; The E. A. Packer, 140 U. S. 360.

If one contracts with a skilled mechanic or laborer to do certain work such work and contract cannot be assigned and the failure personally to perform such work is a breach of contract and is a foundation for a suit for damages or a suit in equity to compel the specific performance of the contract. 3 Page on Cont., sec. 1262; Burck v. Taylor, 152 U. S. 634; Colton v. Raymond, 114 Fed. 863; Edison v. Babka, 111 Mich. 235.

Failure to instruct the jury in the law of the case shall be sufficient grounds for the reversal of the judgment by the supreme court upon appeal. C. L. 1897, secs. 2992, 2685, sub-sec. 119.

C. E. FARRINGTON for Appellee. No brief filed.

### OPINION OF THE COURT.

WRIGHT, J.—The appellant assigns five grounds of error. The first assignment assigns error in that the court failed to instruct the jury as to the application of the territorial law relative to the rule prescribed for measuring hay in stacks. This assignment cannot be considered by the court for the reason that the appellant wholly failed to call such failure to instruct to the court's attention and thereby give him an opportunity to correctly state the law to the jury. This rule has been generally adhered to by this court. In the case of Palatine Insurance Company v. Santa Fe Mercantile Company, 13 N. M. 241, the court said:

"The court is under no obligation in a civil case to instruct the jury unless requested so to do; and hence the

fact that an instruction is insufficient is not available error unless a sufficient instruction was requested."

The second assignment of error is the only one in this case that can be considered by the court. This assignment of error is the general assignment that the verdict, of the jury and the judgment thereon are contrary to the evidence in the case. Under this assignment the only question which can be considered is whether there is any substantial evidence to support the verdict.

Appellee, the plaintiff below, sued to recover balance due on a contract to cut and stack hay, claiming to have cut and stacked 372 tons at an agreed price of $2.00 per ton. He admitted payments, as appears from the evidence, to the amount of $397.95. Defendant admitted that the contract was entered into at $2.00 per ton, but denied that more than 282.69 tons were cut and stacked. He further answered, claiming a payment of $71.30 upon an order which he claimed to have paid, which order he claimed had been previously accepted by plaintiff below. By way of counter-claim he set up certain claims for damages arising from the negligence and carelessness of the plaintiff in the manner in which the work of cutting and stacking had been done by the plaintiff, and further claimed two items of $7.55 and $5.72, moneys paid out to repair machinery used by the plaintiff, and other incidental matters. The evidence discloses the fact that the $71.30 item is disputed by the plaintiff, as well as the items of damage. Plaintiff did not, however, dispute the two items of $7.55 and $5.72. From this it appears that there were undisputed credits to the total amount of $411.22. Plaintiff and defendant both stated that when the contract was made it was understood that the hay was to be measured in stacks after settling for at least thirty days, but that no rule of measurement had been incorporated in their contract. Chapter 34 of the Session Laws of 1901, provides a rule for the measurement of hay in stack. The act follows:

"An Act to establish a legal method of measuring hay."

"Section 1. The following rule and method of meas-

uring loose hay in the stack and specifying the cubical contents of a ton of loose hay, is hereby established.

"Sec. 2.    Measure the stack for length, width and the 'over,' to get the 'over' throw a tape line over the stack at an average place, from ground to ground, drawing it tightly.    Multiply the width by the over and divide the result by four.    Multiply result of division by the length, for approximate cubical contents of stack.    To reduce to tons for hay that has stood in stack less than twenty days, divide cubical contents by 512, for more than twenty days and less than sixty days, divide cubical contents by 422, for more than sixty days divide cubical contents by 380."

In the absence of any agreement as to the method of measurement between the parties, the rule laid down and the method of measurement laid down in the statute would undoubtedly apply.

An examination of the evidence shows that the plaintiff adopted a different rule from the one prescribed by the territorial statute in his computations, and that the defendant claimed that the territorial rule should apply. Both parties used the same stack measurements but an examination of the record fails to disclose what these stack measurements were.    The jury returned a verdict in favor of the plaintiff in the sum of $228.20.    The determination of the question as to whether there is substantial evidence to support the verdict now becomes merely a matter of computation.    In making this computation every doubtful item by way of credit claimed by the defendant must be resolved in favor of the plaintiff.    Keeping this in mind, and considering only the admitted items of credit which are to be deducted from plaintiff's claim, we find that the plaintiff claimed damages for 372 tons of hay at $2.00 per ton, giving a total of $744; that in making this computation he did not use the territorial rule of measurement. In as much as the record, does not show the actual measurements of the stack it now becomes a question of how we can determine the exact number of tons of hay in the stacks, using the territorial rule of measurement.    It becomes merely a simple problem in proportion based upon

random figures worked out under both rules. Taking for example the following random figures:

"Length of stack, 30 feet, breadth, 20 feet, overcast, 30 feet."

The plaintiff in making his figures used one-third of the overcast as the correct height of the stacks; stating this as a formula, we have:

Overcast $\dfrac{30}{\dfrac{3}{380}}$ (Breadth 20 x length 30)    Equals 15.8 tons.

Applying the territorial rule and stating it as a formula we have:

Overcast $\dfrac{30}{\dfrac{4}{380}}$ (Breadth 20 x length 30)    Equals 11.8 tons.

Now, by proportion, we have the following problem: 15.8, the result of our random calculation under the formula used by the plaintiff, is to 372 tons, being the amount of hay claimed by the plaintiff, as 11.8, the result of our random calculations under the territorial rule, is to the amount in the stacks under the territorial rule of measurement. To recapitulate, it then becomes 15.8 : 372 :: 11.8 : X. This being solved gives us 277.78 tons. The question then becomes one of arithmetic. The total hay in the stack, 277.78 tons, at $2.00 a ton, gives us the total contract price for cutting and stacking hay, $555.56. The undisputed credits to be deducted therefrom are $411.22. Substract this amount from the total contract price and we have the maximum verdict that could have been found in favor of the plaintiff, $144.24.

It therefore appears that there is no evidence to support a verdict for more than $144.26, and to the extent that the verdict found by the jury exceeds that amount, it is contrary to the evidence.

The remaining assignments of error are subject to the same objection as the first assignment of error discussed herein and will not be considered by this court.

It is therefore ordered that if the appellee within twenty (20) days shall here remit the amount of damages

found by the jury in excess of the sum. of $144.26, the judgment of the lower court will thereupon be affirmed, otherwise it will be reversed and the cause remanded.    It further appearing to the court that the failure of the court below to instruct the jury upon the proper rule of measurement to be adopted herein is due to the failure of the attorney for appellant to call such rule of measurement to the court's attention by a proper requested instruction, it is therefore ordered that the costs of this appeal be equally divided between the appellant and appellee.

### ON MOTION TO RETAX COSTS OF APPEAL.

### SYLLABUS.

1.  C. L. 1897, sec. 3148, regarding costs, applies to the Supreme Court as well as to the District Court in-so-far as actions at law are concerned.

2.  Where on appeal or error appellee or defendant in error remits a portion of the amount recovered, he will be required to pay the costs of appeal or writ of error.

### OPINION OF THE COURT.

WRIGHT, J.—In the opinion in this case, heretofore handed down at this term, the judgment of the lower court was affirmed upon the appellee filing a remittitur of a portion of the judgment obtained in the lower court. The costs of appeal were equally divided between the appellant and the appellee.    Upon the motion to re-tax the costs of such appeal counsel for the appellant calls our attention to section 3148 of the Compiled Laws of the Territory of New Mexico, which provides as follows:

"For all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party except in those cases in which a different provision is made by law."

This section of the statute was part of the old Kearney Code adopted September 22, 1846, and undoubtedly applied to all of the courts created by such act.

The question now before us for consideration is wheth-

er or not the statute above cited applies to all of the courts as they now exist in New Mexico, or whether it is limited to the district courts. The statute is broad and general in its terms and under the decision of this court in the case of Baca v. Anaya, 14 N. M. 20, this statute undoubtedly applies to the Supreme Court as well as the District Court, at least in-so-far as actions at law are concerned. It then remains to be considered as to whether or not the appellant in this case was the prevailing party within the meaning of such statute.

In passing upon the question of who shall be deemed the prevailing party Cyc. uses the following language:

"In the absence of some special statutory provisions of the apportionment of the costs, where each party succeeds on one or more of the causes of action, claims or issues, it would seem that the plaintiff having obtained a judgment for a part of the relief prayed would, as the prevailing party, be entitled to such costs. It has been so held in a number of decisions." 11 Cyc. 28 and cases cited.

"According to the weight of authority, where on appeal or error appellee or defendant in error remits a portion of the amount recovered, he will be required to pay the costs of the appeal or writ of error." 11 Cyc. 215.

In the case of Sullivan v. Latterman, 43 S. Car. 262, the court held as follows:

"The prevailing party shall have his costs, it makes no difference how many questions he has raised; if he succeeds in any one of them he shall have his costs and the same shall be taxed against the appellee."

We do not think it necessary to cite further authorities upon this question in view of the terms of our statute quoted *supra*.

The motion to retax costs of appeal will therefore be granted and the costs will be taxed against the appellee.