[No. 1217.    August 26, 1911.]

GALLUP ELECTRIC LIGHT CO., Appellee, v. PACIFIC IMPROVEMENT COMPANY, et al., Appellants.

### SYLLABUS.

1.   Under C. L. 1897, sec. 3148, appellants having prevailed in the Supreme Court, they were entitled to recover their costs against appellee and, to have execution issue therefor and no specific order was necessary.

2.   Under C. L. 1897, sec. 3148, the Supreme Court Clerk should not have included in the execution for costs, the costs incurred in the district court prior to the rendition of the erroneous judgment, the appealing party having secured a reversal and new trial entitling him to all the costs occasioned by the erroneous judgment, including those accruing both in the district and in the Supreme Court.

E. W. Dobson for Appellants.

Reed & Hervey for Appellee.

No briefs on motion to retax costs.

Appeal from District Court for McKinley County, before IRA A. ABBOTT, Associate Justice.

Execution recalled, costs ordered retaxed and motion of appellee denied.

### OPINION OF THE COURT.

ROBERTS, A. J.—In the opinion in this case, heretofore handed down at this term, the judgment of the lower court was reversed and no specific order was made as to the costs. The Clerk of the Supreme Court issued executions for costs accruing in this court, and also for all costs that had accrued in the district court from the inception of the cause. The appellee has filed a motion for an order staying the enforcement of costs, because no specific order was made in that regard. In the case of King v. Tabor, 15 N. M. 488; 110 Pac. 601, this court held that the provisions of Section 3148, C. L. 1897, regarding costs, applies to the Supreme Court as well as to the district court. This being true, and appellants having prevailed in this court, they were entitled to recover their costs against appellee and to have execution issue therefor and no specific order was necessary.

We do not think that the clerk should have included in the execution the costs incurred in the district court, prior to the rendition of the judgment. The effect of the reversal of the judgment was to impose upon the appellee the payment of all costs occasioned by the erroneous judgment. This included the costs accruing in the district court after the rendition of the judgment and also those in the Supreme Court, including fees for transcript. The costs in the district court up to the time of the rendition of the judgment from which appeal was taken will abide the final determination of the suit, and be taxed against the unsuccessful party. See 11 Cyc. 210, and authorities cited. A statute, identical with our Section 3148, is construed in the case of Clifton v. Sparks, 29 Mo. Appeals, 560. The court says: "And all costs incurred consequent upon the erroneous action of the cir-

cuit court, which necessitated the appeal, would be proper-
ly taxable against the defendant, and would be recoverable
under the judgment of reversal. This, we take it, is the
common sense of the statute; and it certainly is expressive
of a sense of justice. It would be palpably unjust to tax
any costs against the appellants entailed· by the illegal
judgment which the. Supreme Court reversed." The ex-
ecution heretofore issued is recalled and the costs are
ordered retaxed in accordance with the foregoing, for
which execution will issue, and the motion of appellee
will be denied.