[No. 1709, September 5, 1916.]
FULLEN v. FULLEN.

SYLLABUS BY EDITORIAL STAFF.

In divorce cases it is ordinarily the duty of the husband to furnish means to the wife to maintain or defend her rights, and the costs in such proceeding will not be apportioned.

Error to District Court, Chaves County; McClure, Judge.

On motion to retax costs. Motion denied.

For former opinion, see 153 Pac. 294.

W. W. GATEWOOD of Roswell, for plaintiff in error.

O. O. ASKREN of Roswell and RENEHAN & WRIGHT of Santa Fé, for defendant in error.

OPINION OF THE COURT.

PARKER, J.—Defendant in error moves the court to retax the costs in this case upon the ground that the court held in its opinion that there were two separate and distinct final judgments in the case, and that a large portion of the record and the consequent expense incurred in this court related to the decree of divorce which was

final in character, and which was not appealed from for more than one year after the same was rendered, and that the court held with the defendant in error, so far as the decree of divorce was concerned. It is therefore urged upon the court that the costs in this court should be apportioned between the parties instead of taxing all of them to the defendant in error; the plaintiff in error having succeeded upon only one of the issues in the case.

Counsel for defendant in error base their argument upon the proposition that this cause is a cause in equity, and that the statute (section 4282, Code 1915), has reference only to actions at law. It is urged that this court has power and ought in this case to apportion the costs according to the equities. The statute referred to is as follows:

"Sec. 4282. For all civil actions or proceedings of any kind, the party prevailing shall recover his cost against the other party, except in those cases in which a different provision is made by law."

This section has been interpreted in King v. Tabor, 15 N. M. 488, 110 Pac. 601, and in Gallup Electric L. Co. v. Pac. I. Co., 16 N. M. 279, 117 Pac. 845, wherein it was held that it applied as well to the Supreme Court as to the district courts. In the former case the application of the section was limited to actions at law, but in the latter case no such limitation was recognized, although the point was not specifically raised.

We do not deem it necessary in this case to determine whether this section of the statute applies to all cases, or whether it is limited in its application to actions at law. This is a divorce case, and was conducted in the equity side of the court. The appellant brought the whole case here, including the divorce decree and the decree in regard to the property of the parties. No objection was interposed by the appellee to the consideration by this court of the entire record, and the objection on his part is made to appear for the first time in this motion to retax costs. The appellee is the husband, and the appellant is the wife. The court in its decree practically

stripped the wife of all of the community property, and, with the exception of one small piece of property of no particular value, left her without means. We mention this fact, not in criticism of the decree of the court, but simply to show the condition in which the respective parties are placed.

In view of this situation of the parties, and in view of the general principle governing divorce cases which ordinarily require the husband to furnish the means to the wife to maintain or defend her rights in such a proceeding, we fail to see in this record anything to move our discretion to apportion these costs.

The motion to retax costs should, under the circumstances, be denied; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.