## ALEXANDER R. MACDONALD

### v.

## DANIEL M. LORD AND AMBROSE L. THOMAS.

*Libel—Words Spoken of One in his Occupation—Province of Court and Jury—Advertising Agency—Privilege.*

1.  Words spoken of one in his office, trade, profession or business. which tend to impair his credit, or charge him with fraud or indirect dealings, or with incapacity, and that tend to injure him in his trade, profession or business, are actionable without proof of special damages.

2.  A letter stating that the writers have been applied to by an advertising agent to insert in a certain paper the advertisement of the person addressed and have had to decline it, but will be glad to receive it " direct, or through any responsible agency," conveys the idea that the agency in question is not responsible.

[Opinion filed August 1, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

This is an action on the case brought by plaintiff in error against defendant in error, to recover damages for the publication of an alleged libel by defendants.    A general demurrer to the declaration was sustained and judgment for costs entered against plaintiff, to reverse which he sued out this writ of error.

The declaration consists of numerous counts, but as the demurrer was sustained to the entire declaration, it is only necessary to state the substance of the first count, which alleged in effect, that the plaintiff carried on business as an advertising agent in Chicago, conducted the same with punctuality, keeping his engagements and paying his debts, and was held in good credit and esteem by his neighbors and by those with whom he had business dealings, and in and through said business acquired gains to support his family and to the increase of his fortune.    That plaintiff had entered into a contract with

the David C. Cook Company, publishers of a newspaper called "Church and Home," for five hundred inches or more of space in the advertising columns of that paper at a certain price per inch, and had solicited and procured an advertisement from George S. Vibert & Company of Clintonville, Connecticut, at a price greater than he was to pay said publishing company, and before the committing of the grievances, plaintiff had not delivered to said defendants any order to insert any advertisement in the "Church and Home." That he was conducting a respectable advertising agency, and the defendants, maliciously contriving to injure his good name reputation and credit in said business, and to cause him to be regarded as a person of no credit and in insolvent circumstances, and to prejudice and injure him with said Vibert & Company and other advertising agents doing business at the place aforesaid, who had dealt, and were then dealing, with the plaintiff in the way of his business, and to induce Vibert & Company and others to leave off dealing with the plaintiff, on November 5, 1885, falsely and maliciously wrote and published a false, scandalous and malicious and defamatory libel, of and concerning plaintiff, and of and concerning his business circumstances and credit, in the form of a letter addressed to said Vibert & Company and others, containing malicious matter as follows: "Gentlemen (meaning the aforesaid George S. Vibert & Co.): We (meaning the defendants) are just in receipt of an order from A. R. MacDonald (meaning the plaintiff in this suit) to insert your (said George S. Vibert & Co.) advertisement in the 'Church and Home,' and of which we (meaning the defendants) own the entire advertising space. We (meaning the defendants) are obliged to decline it (meaning the order aforesaid) for certain reasons, but we would be glad to receive your (meaning the aforesaid George S. Vibert & Co.) order direct, or through any responsible agency." Thereby meaning to state that the business of the plaintiff as an advertising agent was not a responsible agency.

Then follows an allegation in the count, of special injury to the plaintiff in his trade and business, resulting in special damages, for which he claims, etc.

McDonald v. Lord & Thomas.

Mr. George C. Buell, for plaintiff in error.

Messrs. Barker & Thornton, for defendants in error.

Garnett, J.   The publication charged against the defendants was concerning the plaintiff in his character as an advertising agent.   The inducement alleges that he was engaged in that business at the time of the publication.   The rule in such cases is stated in Townshend on Slander and Libel, Sec. 182, to be, that language which concerns a person in his employment, (if such person's employment is lawful, and may reasonably be expected to yield pecuniary reward,) will be actionable if it affects him in a manner that may, as a necessary consequence, or does as a natural or proximate consequence, prevent him deriving therefrom reward which probably he might otherwise have obtained.

And in the case of Clifford v. Cochrane, 10 Ill. App. 570, the court gave the rule thus: "The general rule in relation to the speaking of words of one in a particular calling may be stated as follows: Any words spoken of such a person in his office, trade, profession or business, which tend to impair his credit, or charge him with fraud or indirect dealings, or with incapacity, and that tend to injure him in his trade, profession or business, are actionable without proof of special damages."

The letter sent by defendants to George S. Vibert & Company, carried with it a strong implication that plaintiff's agency was not responsible.   Such a charge is always regarded as harmful to the business interests of a house, and as surely awakens distrust as a direct attack on its honesty.   The injurious character of the communication might have been avoided had defendants informed Vibert & Company that they would be pleased to receive their order through any *other* responsible agency.   But having stated that they declined the order through A. R. MacDonald, and then indicating their pleasure to receive the order through *any* responsible agency, an ordinary reader would scarcely fail to find in the letter, the reflection upon plaintiff's business character, which is alleged in the innuendo.

If the words employed are reasonably susceptible of two constructions, the one innocent and the other libelous, it is a question for the jury which is the proper construction. It is for the court to decide whether a publication is reasonably capable of the meaning ascribed to it in the innuendo, and for the jury to decide whether such meaning is truly ascribed. Hays v. Mather, 15 Ill. App. 30.

Taking the letter set forth in the declaration according to its plain and natural import, we think it reasonably susceptible of conveying the idea that plaintiff's agency was not responsible. The defendant's counsel have fallen into an error in supposing that the declaration shows the communication was privileged because defendants were the owners of the advertising space, and therefore had the right to address Vibert & Company in the manner charged. But the declaration states that plaintiff was the owner of the space; hence the question of privilege is not before us and we express no opinion thereon.

There was error in sustaining the demurrer. The judgment is therefore reversed and remanded.

*Reversed and remanded.*