Thomas E. Cavanagh, Appellant, v. James Weir Elliott, Appellee.

Gen. No. 8,674.

filed January 16, 1933. Rehearing denied April 5, 1933.

BARNABAS F. SEARS, for appellant.

BELLATTI, SAMUELL & MORIARTY, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Appellant brought his action in trespass on the case for libel. · A demurrer was filed by appellee to the declaration and sustained thereto and appellant having elected to stand by his declaration, judgment was entered against him, to reverse which this appeal is prosecuted.

The declaration consists of one count and it is alleged therein that the plaintiff before and at the time of the committing by the defendant of the several grievances hereinafter mentioned, exercised and carried on and still does exercise and carry on the business of manager of the Jacksonville, Illinois, office of James E. Bennett and Company of Chicago, Illinois, a copartnership, in the business of commission merchants and has always conducted the same with punctuality, honesty and efficiency in dealing with the customers of said James E. Bennett and Company as its Jacksonville manager and was deservedly held in high esteem by those with whom he had dealings in his trade and business as such manager, and was deservedly held in high esteem by his said employer, to the support and maintenance of himself and his family and great increase of his fortune. Yet the defendant well knowing the premises, but wickedly and maliciously intending to injure and destroy the good name, reputation and credit of the plaintiff in his said employment and to bring him into disgrace among the said customers of his employer with whom he had such dealings as aforesaid, and to cause him to be regarded as a person of no worth and unfit to carry on the duties of his said employment and to prejudice and injure the plaintiff wih his said employer and to cause him the loss of his employment, on the 11th day of

February, 1932, in Jacksonville, Illinois, while the plaintiff was so employed as aforesaid, did wrongfully, falsely and maliciously write and publish a certain false, scandalous, malicious and defamatory libel of and concerning the plaintiff, and of and concerning his said business and employment in the form of an anonymous post card or circular, addressed to the said James E. Bennett and Company at Chicago, Illinois, which the defendant caused to be mailed through the United States mails to the said James E. Bennett and Company, which said anonymous post card or circular contained the following false, scandalous, malicious, defamatory and libelous matters, that is to say:

"James E. Bennett & Co.

"Chicago, Ill.

"You know of course your Jacksonville Ill. Manager has a decided complex. It would be much cheaper for you to put him on a pension than to operate as you are doing."

That in said post card or circular the words, "Jacksonville Ill. Manager" mean the plaintiff; the word "you" wherever it appears and the word "your" mean James E. Bennett and Company, the said employer of this plaintiff; and the word "him" means the plaintiff; and that by writing, publishing and sending the said anonymous post card or circular the defendant intended to and did charge the plaintiff as being unfit to carry on his said duties as the Jacksonville, Illinois, manager of the said James E. Bennett and Company.

And the said anonymous post card or circular was then received and read by the then officer or officers, agent or agents of the said James E. Bennett and Company as thereby published by the defendant to the said James E. Bennett and Company, by means whereof the plaintiff has been and is greatly injured in his said good name, reputation, credit and employment to the damage of the plaintiff, etc.

That an employee has a cause of action against a third person who by threats, intimidation or other malicious acts causes his discharge from such employment is the settled law of this state. *London Guaranty & Accident Co. v. Horn,* 206 Ill. 493. It is contended by appellee that the words as laid in the declaration are not actionable in themselves and are not necessarily libelous *per se,* and the plaintiff must allege the defamatory character or meaning by apt and proper averment, or in other words, by proper innuendo. It may be conceded that charging a person with having a decided complex alone would not be libelous. The noun "complex" as here used undoubtedly means a certain mental bent, trend or condition which influences or controls the acts of a person. The following words, "It would be much cheaper for you to put him on a pension than to operate as you are doing," can have but one meaning, that appellant as manager of the Jacksonville office of James E. Bennett and Company did not perform his duties in a manner for the best interests of that company. Words must be construed in the sense which persons of common and reasonable understanding would ascribe to them. In the case of *Nelson v. Borchenius,* 52 Ill. 236, the court held: "The words in this case, though not in themselves actionable, were, nevertheless, of such a character that, if spoken as averred, concerning the plaintiff in his trade as a merchant, they were actionable, without the averment of any other extrinsic circumstance to explain them than the fact that the plaintiff was such trader or merchant." Where words spoken or written may not in and of themselves be actionable, yet if spoken or written of another person in regard to his business or employment may become libelous *per se.* In the case of *Ben-Oliel v. Press Pub. Co.,* 251 N. Y. 250, the rule is announced: "Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade

or business are actionable. When proved to have been spoken in relation thereto, the action is supported; and unless the defendant shows a lawful excuse the plaintiff is entitled to recover without allegation or proof of special damage." In the case of *Clifford v. Cochrane,* 10 Ill. App. 570, it was held:

"Were the words as set out in the declaration actionable without proof of special damages? That they are so, we entertain no doubt. It is a familiar principle that words not actionable in themselves may become so if spoken of one engaged in a particular calling or profession. The general rule in relation to the speaking of words of one in a particular calling may be stated as follows: any words spoken of such a person in his office, trade, profession, or business, which tend to impair his credit, or charge him with fraud, or indirect dealings, or with *incapacity,* and that tend to injure him in his trade, profession, or business, are actionable, without proof of special damage. Starkie on Slander, 178 and notes; Townshend on Slander, 278 (3d Ed.); *Ostram v. Calkins,* 5 Wend. 263; *Demarest v. Haring,* 6 Cow. 76; *Chaddock v. Briggs,* 13 Mass. 247; *Chipman v. Cook,* 2 Tyler Vt. 456; *McMillen v. Birch,* 1 Binney, 178; *Day v. Buller,* 3 Wils. 59; *Onslow v. Horne,* Id. 177." If words are written of another which are capable and reasonably susceptible of a defamatory meaning as respects him in connection with his business they are actionable *per se* and need no allegations of innuendo. *Hayes v. Mather,* 15 Ill. App. 30; *MacDonald v. Lord & Thomas,* 27 Ill. App. 111; *Barth v. Hanna,* 158 Ill. App. 20; *Gerald v. Inter Ocean Pub. Co.,* 90 Ill. App. 205; *Marion v. Courier Pub. Co.,* 125 Ill. App. 349. The above rule is not confined to this state but is substantially universal. It is stated in Newell, Slander & Libel (4th ed.) 155, § 129, as follows: "Defamatory words falsely spoken or written of a person, which impute to him unfitness to perform the duties of an office or employment of

profit, or the want of integrity in the discharge of the duties of such an office or employment, are actionable in themselves without proof of special damages; and so, too, are defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade. Next to imputations which tend to deprive a man of his life or liberty, or to exclude him from the comforts of society, may be ranked those which affect him in his office, profession or means of livelihood. To enumerate the different decisions upon this subject would be tedious, and to reconcile them impossible; yet they seem to yield a general rule sufficiently simple and unembarrassed, namely, that words are actionable which directly tend to the prejudice of anyone in his office, profession, trade or employment. So, if a person carry on a trade recognized by the law, or be engaged in any lawful employment however humble, an action lies for any words which prejudice him in the way of such trade or employment." In somewhat different words the same rule is found in 36 C. J. 1180, § 69: "As a general rule words are actionable if they directly tend to the prejudice or injury of anyone in his profession, trade, or business, whether the words are written or oral. Also, any language imputing want of integrity, a lack of due qualification, or a dereliction of duty to an officer or employee is actionable per se, whether it is spoken or written. It is not necessary that the words should contain an imputation upon plaintiff as an individual which would be actionable apart from the question of his business or profession. The ground of the action in such cases is that the party is disgraced or injured in his profession or trade or exposed to the hazard of losing his office, employment, or business in consequence of the defamatory words, and not that his general reputation in the community is affected by them."

The words as alleged in the declaration in the case at bar can have no innocent construction but on their

face seek to disparage appellant with his employer and in his employment and are actionable *per se*.

The judgment of the circuit court is reversed and the cause remanded with directions to overrule the demurrer to the declaration.

*Reversed and remanded with directions.*