304 P.2d 569

The FIRST NATIONAL BANK OF SANTA FE, Plaintiff-Appellant,

v.

H. H. RUEBUSH and Mrs. H. H. Ruebush, Defendants-Appellees.

No. 6041.

Supreme Court of New Mexico.

Oct. 23, 1956.

Rehearing Denied Dec. 19, 1956.

Gilbert, White & Gilbert, Santa Fe, for appellant.

M. W. Hamilton, Santa Fe, for appellees.

LUJAN, Justice.

This appeal was taken from a judgment for the defendants H. H. Ruebush and Mrs. H. H. Ruebush after their motion to dismiss the second amended complaint had been sustained without leave to amend. The grounds assigned in the motion to dismiss, are: (1) That the second amended complaint fails to state a claim upon which relief can be granted as against said defendants, or either of them; and (2) that in that certain cause in the above entitled court H. H. Ruebush, plaintiff vs. Frank B. Melchior and Eva Melchior, defendants and numbered 26607 on the docket of said court a final decree has been entered, by the terms of which it is decreed that neither the defendant Frank B. Melchior nor the defendant Eva Melchior have any right,

title, interest in or lien or claim upon the 53-acre tract of land and real estate in Santa Fe County referred to in said second amended complaint.

The First National Bank of Santa Fe, plaintiff and appellant will hereinafter be referred to as the bank and the defendants as appellees.

The motion to dismiss here involved, like a general demurrer, admits facts well pleaded, but not legal conclusions deduced therefrom by the pleader. In passing upon such motion to a complaint, all the allegations therein should be considered; and if, in view of the entire complaint the plaintiff is not entitled to the relief sought, the complaint is subject to dismissal.

The facts required to be stated for an understanding of our decision, are that on April 23, 1952, the defendant Frank B. Melchior became indebted to the bank on a certain promissory note in the sum of $2,000 with interest at six per cent. per annum, and payable in ninety days. This note was thereafter replaced by renewals. On July 8, 1952, the defendant Frank B. Melchior entered into a purchase and sale contract with one Helen F. Sloan, individually and as executrix of the estate of John Sloan, deceased. Said contract provided in part as follows:

"That for and in consideration of the sum of Fifteen Thousand Dollars ($15,000.00), payable in cash as hereinafter set forth, the Seller agrees to sell and the Buyer agrees to purchase, that certain tract and parcel of land and real estate situate, lying and being in the County of Santa Fe, State of New Mexico, known as 'Sinagua' and containing fifty-three (53) acres, more or less, a complete description of which will be set forth in the Abstract of Title thereto hereinafter provided for. * * * Seller's Agent herein is Las Dos Realty & Insurance Co., of Santa Fe, New Mexico, and Seller acknowledges receipt of the sum of Five Hundred Dollars ($500.00) in cash, paid to said Agent by the Buyer on June 28th, 1952, as and for the down payment on the purchase of said property. Buyer agrees to pay to said Agent the further sum of One Thousand Dollars ($1,000.00) in cash, upon the execution of this agreement. * * * The Buyer may designate himself or some other person or corporation as grantee in said deed."

On July 29, 1952, the defendant Frank B. Melchior entered into the following agreement with the appellee H. H. Ruebush:

"* * * Witnesseth, Whereas First Party has this day advanced the sum of Twelve Thousand and no/100 Dollars ($12,000.00) to Second Party to be used in the purchase of a certain tract of land situated in Santa Fe

County, New Mexico, consisting of fifty-three (53) acres, and a seven-room dwelling house, which property was heretofore owned by one John Sloan and was called by him 'Sinagua'.

"Now Therefore, in order to secure the repayment of said sum Second Party has executed and delivered to First Party a sustaining promissory note of even date herewith for Twelve Thousand and no/100 Dollars ($12,-000.00) payable on or before December 31, 1952, with interest at the rate of ten per cent (10%) per annum, and has caused to be conveyed to First Party the above tract of land to be held by First Party in fee simple until payment of said note.

"Now Therefore, First Party agrees to convey to Second Party or to any person or corporation he may designate hereafter upon payment of said promissory note the said real estate herein described with proper release of dower or other interests of the wife of First Party.

"Said First Party has deposited with The Cooper Agency, Inc., of Deming, New Mexico, a warranty deed to be delivered upon such payment being made to the Cooper Agency, Inc. for the account of First Party. * * *"

On September 11, 1952, Helen Farr Sloan, by warranty deed, conveyed the land involved herein to the appellee H. H. Ruebush. On April 21, 1953, approximately seven months after the deed was issued to appellee H. H. Ruebush, the bank filed suit against the defendant Frank B. Melchior and his wife on his promissory note. On August 7, 1953, more than one year after the above agreement had been entered into, judgment was rendered in favor of the bank and against the defendants, Melchiors, in the sum of $4,038.25, plus interest. Transcript of the judgment docket on said judgment was filed for record in the office of the Santa Fe County Clerk on the same day.

The contention of the bank is that the appellee H. H. Ruebush knew or should have known, at the time he made the loan to Frank B. Melchior, that the transaction between them was for the purpose of defrauding it out of the note which eventuated in a judgment.

While the complaint charges that "the defendant H. H. Ruebush knew or should have known of said wrongful purpose and intent of defendant Frank B. Melchior, but nevertheless acquiesced and participated in said transaction, which transaction was entered into by defendant H. H. Ruebush in order to evade the provisions of * * *" this averment was but a statement of the conclusion of the pleader. There is nothing in the allegations of the complaint to indicate or suggest that the appellee H. H. Ruebush knew of the exist-

ence of the bank's loan to Melchior at the time he made the loan to him. Ruebush's loan to Melchior was complete prior to the entry of judgment in the bank's favor for the amount of its loan. Ruebush's loan has never been paid and he still holds the title to the property in question as security.

To make a conveyance a fraudulent transfer, a fraudulent intent participated in by both parties to the transaction must exist. National Mut. Savings & Loan Ass'n v. Lake, 47 N.M. 223, 141 P.2d 188. The conveyance must be made with the intention of the debtor to delay, hinder or defraud creditors and such intention be known to the party to whom the conveyance is made.

It is clearly shown by the interrogatories propounded to appellee H. H. Ruebush by the bank that he had no knowledge of any fraudulent intent on the part of Frank B. Melchior to defraud the bank, if such be a fact. Interrogatory No. 5 and the answer thereto are as follows:

"Q. * * * Briefly describe the date(s), place(s) and circumstances of the meeting you had with Frank B. Melchior relating to negotiation and completion of the Agreement dated July 29, 1952, or such other similar agreement as you may have had with said Frank B. Melchior. A. I met Frank B. Melchior on July 29, 1952, *for the first time*. This was in the office of the Cooper Agency, Incorporated, Deming, New Mexico. I was introduced by Mr. Postelle Cooper, who told me Mr. Melchior wanted to borrow twelve thousand dollars for six months or until he could get some money from the east. Mr. Cooper said he had known both Mr. & Mrs. Melchior for some time and he was sure Mr. Melchior was a good risk and that Mr. Melchior was willing to have deed to the 53 acres and house made to me. Mr. Cooper told me Mr. Melchior was small loan inspector and that he figured his integrity was beyond *approach*. Having known Mr. Cooper since school days and his experience in the banking and loan business, I did not do any investigation on my own, but said 'O.K., I will make the loan.'" (Emphasis ours.)

We conclude that the complaint was subject to the motion to dismiss interposed thereto and the trial court properly sustained the same. The judgment is affirmed.

It is so ordered.

SADLER and KIKER, JJ., concur.

COMPTON, C. J., and McGHEE, J., not participating.