William F. Jamison, Plaintiff-Appellant, v. Walter A. Rebenson, et al., Defendants-Appellees.

Gen. No. 47,619.

First District, Second Division.

April 28, 1959.

Rehearing denied May 15, 1959.

Released for publication May 15, 1959.

John R. Sullivan, of Chicago, for plaintiff-appellant.

Russell Packard, of Chicago, for defendants-appellees.

JUSTICE KILEY delivered the opinion of the court.

This is a libel and slander action by an international union organizer against several officers and an employee of a local union. The suit was dismissed on defendants' motion and plaintiff has appealed.

■■ The motion raised the question of the sufficiency of the three count amended complaint and the question before us is the propriety of the ruling on the motion. The well pleaded facts are admitted by the motion, but the amended complaint, since this was before verdict, must be construed strongly against plaintiff, Field v. Oberwortmann, 14 Ill.App.2d 218.

Plaintiff represented an international union as organizer for a Chicago local. A large number of members and prospective members of the local were women. In January, 1955, Mildred Walter, a local officer, and Valeria Gniodeh, an employee of the local, each made an affidavit "witnessed" by Rebenson, Kenny and Cohoon. These affidavits are the basis of the suit and part of the complaint which charges all those defendants, individually, and Kenny, Cohoon and Rebenson, in conspiracy, with libel and slander.

The alleged libelous material relied on consists of the sworn statement of Mildred Walter, referring to plaintiff, "I surmised that his intentions were not honorable when he made improper advances and his chosen route commenced to lead to isolated territory. . . . After I threatened to vacate his automobile . . . he then agreed to control his impulse. . . . This statement is made . . . in order to save others the same embarrassment," and the sworn statement of Valeria Gniodeh that plaintiff "made ungentlemanly and improper advances to me and I was forced

to flee next door . . . Rebenson and Kenny . . . offered their apologies in behalf of the union. . . . This signed statement is made . . . in the hope that others will know of Mr. Jamison's character and thus be forewarned against . . . the same embarrassment."

After the affidavits were made, Rebenson and Kenny, at Cohoon's request, presented them to the executive board of the international union demanding plaintiff's discharge or his transfer from the Chicago area. Plaintiff appeared and defended himself, but the executive board transferred him from Chicago to Detroit, Michigan, to cover the states of Michigan, Ohio and Indiana.

Counts One and Three charge that the libel was intended, pursuant to a course of harassment, to cause plaintiff's discharge or force his transfer from Chicago, where he and his family had lived for more than fifteen years and where he enjoyed the good reputation which defendants planned to destroy. Count Two alleges the same purpose and damages, but is based on slander. Count Three alleges conspiracy in the course of harassment.

Plaintiff contends that the complaint sufficiently alleges defamation tending to injure him in his vocation. If this contention is sound the trial court erred in its ruling (Ward v. Forest Preserve District, 13 Ill.App.2d 257, Cobbs v. The Chicago Defender, 308 Ill. App. 55) in the absence of overriding circumstances urged by defendants. Defendants asserted in their motion for involuntary dismissal (Ch. 110, Sec. 48 Ill. Rev. Stat. 1957) that the amended complaint on its face contained the overriding affirmative matter which justified the dismissal of the suit. The first question is whether assuming but not deciding, that the language complained of is defamatory, does the

complaint contain affirmative matter defeating the claim (Sec. 48(1)(i)).

The amended complaint shows that the language was published in a "qualifiedly privileged communication," Judge v. Rockford Memorial Hospital, 17 Ill.App.2d 365, Schlaf v. State Farm Mut. Auto Ins. Co., 15 Ill.App.2d 194, 199, Anderson v. Malm, 198 Ill. App. 58, 62, 63. This is so because, as officers of the local, Rebenson, Kenny and Cohoon had the duty to inform the executive board of the international of the charges against plaintiff, Judge v. Rockford Memorial Hospital, 17 Ill.App.2d 365, Schlaf v. State Farm Mut. Auto Ins. Co., 15 Ill.App.2d 194, Bentley v. Teton, 19 Ill.App.2d 284.

██ Having alleged facts constituting an occasion of qualified privilege, plaintiff was required to allege that defendants lacked good faith and were actuated by malice, Anderson v. Malm, 198 Ill. App. 58, 63, Schlaf v. State Farm Mut. Auto Ins. Co., 15 Ill.App. 2d 194, 199. This would normally be done in a reply to an answer but the amended complaint alleges defendants acted maliciously with design to injure plaintiff in his employment. The trial court accordingly had before it the necessary allegation.

██ Defendants' motion admits the allegations that the affidavits are false, Field v. Oberwortmann, 14 Ill.App.2d 218.

██ Assuming again but not deciding, that the words are defamatory, this admission is sufficient to allege liability of Mildred Walter and Valeria Gniodeh as authors of the affidavits. The good objective of saving other local members embarrassment does not justify lying, and there was no qualified privilege to falsely defame another under the guise of a duty.

██ The complaint, as we have pointed out, presents an occasion of qualified privilege on the part

of Rebenson, Kenny and Cohoon, inasmuch as there is no allegation that they knew, when the affidavits were composed in their presence, that the statements were false. There is nothing in the complaint to show that they should not have believed what affiants swore to, and consequently construing the complaint strongly against the pleader, we think these officials had no reason to disbelieve what the affiants stated, Judge v. Rockford Memorial Hospital, 17 Ill.App.2d 365, 377.

██ It is true that a qualified privilege is not affected by the truth or falsity of the defamatory matter if presented in good faith, for justifiable purposes, and to the extent warranted by the proper purpose, but this rule presupposes an absence of malice, Judge v. Rockford Memorial Hospital, 17 Ill.App.2d 365, 377, and if malice is pleaded the complaint will stand against a motion for involuntary dismissal. Since plaintiff does allege malice, the apparent bar of qualified privilege on the face of the complaint is overcome on the pleadings.

██ In their motion defendants contend that the libel charge in Count One cannot stand as a matter of law because the words are not defamatory in themselves, and no innuendo was pleaded. The motion presented to the trial court the question whether the words were reasonably susceptible of a defamatory meaning, Cowper v. Vannier, 20 Ill.App.2d 499 (1959), Kulesza v. Chicago Daily News, Inc., 311 Ill. App. 117, Herrmann v. Newark Morning Ledger Co., 138 A.2d 61, Harper & James, The Law of Torts, p. 373. If so, the court should have denied the motion and required defendants to answer.

██ Plaintiff alleges that his work in organizing women into the union required that he have a good moral reputation. Defendants admit this. The false statements, in our view, could reasonably be taken to

detract from plaintiff's reputation of good moral character and injure him in his employment, Collins v. Dispatch Pub. Co., 25 Atl. 546. What we say of the slander count in the next paragraph applies with greater force to the written words, especially when falsely sworn to. We think, therefore, that the words used here, taken in the context of the affidavits, are capable of a defamatory meaning. The trial court erred in dismissing the libel count.

██ ██ Defendants content in their motion that the spoken words were not slanderous per se. In slander, unlike libel, defamatory meaning is not enough to sustain a charge without proof of special damages unless the words are actionable per se. One of the traditional classes of words actionable per se are words which tend to injure or prejudice a person in his business, trade or profession, Cavanagh v. Elliott, 270 Ill. App. 21, 26, Harper & James, The Law of Torts, p. 375. In the instant case plaintiff alleges, and defendants' motion admits, that he was injured in the pursuit of his profession. Since there are many women in the union, and many prospective members of the union are women, we cannot say that the words used did not injure plaintiff in the pursuit of his profession. As the Restatement of Torts points out (Sec. 573, Comment *e*), while "a statement that a physician consorts with harlots is not actionable per se . . . a charge that he makes *improper advances* to his patients is actionable" (emphasis ours). We think it not illogical to draw the analogy between a doctor and his patients, and a labor organizer and the women he seeks to enlist in the union. The court, in our opinion, erred in dismissing the slander count.

██ ██ Defendants, finally, argue that the conspiracy count does not state a cause of action because no unlawful or other overt acts are alleged nor was there an illegal end sought to be attained. This argu-

371

ment has no merit. Plaintiff does allege overt acts (composing the affidavits, publishing them to his employer and associates, etc.) which are unlawful if plaintiff was libeled. Our Supreme Court has said that "Damage inflicted by fraud or misrepresentation, or by the use of intimidation, obstruction or molestation, with malicious motives, is without excuse, and actionable," Doremus v. Hennessy, 176 Ill. 608, 615, and this is true "whether committed alone or by combination, and an action may be had for injuries done which cause another loss in the enjoyment of *any* right of privilege or property," Carlson v. Carpenter Contr's Ass'n, 305 Ill. 331, 338 (emphasis ours). We think that when union officers are charged with acting in concert to maliciously defame another for the purpose of causing him injury in his business or profession they are sufficiently charged with civil conspiracy.

We find no basis for defendants' contention that the special damages are too vaguely alleged. The allegations of damages are not specified as clearly as they might be, but defendants could have asked for a more particular statement. They did not avail themselves of this opportunity and the allegations, we think, are sufficient to inform defendants of the damages claimed.

We find that the complaint does state a cause of action in three counts, for libel, slander and conspiracy, and that the court erred in granting defendants' motion to dismiss under Sec. 48, C.P.A. The order of the court below is reversed and the case remanded with directions to deny defendants' motion to dismiss and for further proceedings.

Reversed and remanded with directions.

LEWE, P. J. and MURPHY, J., concur.