**Edwin A. WALKER, Plaintiff-Appellant,**

v.

**COURIER–JOURNAL AND LOUISVILLE TIMES COMPANY, Inc., and WHAS, Inc., Defendants-Appellees.**

**No. 16999.**

United States Court of Appeals
Sixth Circuit.

Oct. 28, 1966.

Richard C. Oldham, Louisville, Ky., and Clyde J. Watts, Oklahoma City, Okl. (Dorothy G. Cox, Louisville, Ky., on the brief), for appellant.

Wilson W. Wyatt, Louisville, Ky. (Edgar A. Zingman, H. Wendell Cherry, Louisville, Ky., on the brief; Wyatt, Grafton & Sloss, Louisville, Ky., of counsel) for appellees.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from an order sustaining a motion to dismiss a libel action instituted by Appellant, retired Major General Edwin Walker. In his complaint, Appellant alleged that the defendants Courier-Journal, Louisville Times Company and WHAS, Inc., falsely and maliciously reported that Appellant participated in riots in Oxford, Mississippi by leading a charge of brick throwing students against United States Marshals. The riots occurred as a result of the integration of white and negro students at the University of Mississippi. Appellant alleges in his complaint that he:

"* * * was * * * a person of political prominence who had in public announcements vigorously asserted his adherence to accepted and constitutionally defined limitations upon the powers of the central government and to principles of separation of powers as between the central government and the several States."

On the basis of New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the District Court dismissed Appellant's complaint. We agree with the District Court as to the applicability of New York Times. Applying the doctrine of New York Times, however, we disagree with the District Court in not giving an opportunity to Appellant to offer evidence to show malice.

The Supreme Court said in Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966):

"The motivating force for the decision in New York Times was twofold. We expressed a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that [such debate] may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials. (Citation omitted). There is, first, a strong interest in debate on public issues, and, second, a strong interest in debate about those persons who are in a position significantly to influence the resolution of those issues. Criticism of government is at the very center of the constitutionally protected area of free discussion.

\* \* \* \* \* \*

"Society has a pervasive and strong interest in preventing and redressing attacks upon reputation. But in cases like the present, there is tension between this interest and the values nurtured by the First and Fourteenth Amendments. The thrust of New York Times is that when interests in public discussion are particularly strong, as they were in that case, the Constitution limits the protections afforded by the law of defamation."

In footnote 12, the Court said:

"We are treating here only the element of public position, since that is all that has been argued and briefed. We intimate no view whatever whether there are other bases for applying the New York Times standards—for example that in a particular case the interests in reputation are relatively insubstantial, because the subject of discussion has thrust himself into the vortex of the discussion of a question of pressing public concern."

It is apparent, and Appellant alleges in his petition, that he is a person of political prominence, and is a person in a position significantly to influence the resolution of issues of national importance. It is also apparent that Appellant involved himself dramatically into the racial crises in Oxford, Mississippi; that he "thrust himself into the vortex of the discussion of a question of pressing public concern." The motivating force of the Times decision compels its applicability here. In a thorough analysis of the Times decision, and subsequent decisions, the Court, in Pauling v. Globe-Democrat Publishing Company, 362 F.2d 188 (C.A. 8, 1966), applied the Times doctrine to Dr. Linus Pauling. There the alleged libel grew out of a controversy over Dr. Pauling's efforts to promote a nuclear test ban treaty.

However, there is no constitutional protection for a false statement "made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, 376 U.S. 279–280, 84 S.Ct. 726.

Unlike New York Times Co. v. Sullivan, supra, and Pauling v. Globe-Democrat Publishing Company, supra, Appellant was prevented from adducing proofs which could present a jury question on the issue of malice. Whether there was malice was a fact question placed in issue by the complaint, and no affidavits or depositions were filed which may have removed this issue from the case.

The judgment of the District Court is reversed and the case remanded for further consideration consistent with this opinion.