444 P.2d 968

Ross B. RAMSEY, Plaintiff-Appellant,

v.

Marie S. ZEIGNER, H. Markly McMahon, Monitor Publishing Company, Inc., a New Mexico Corporation, Defendants-Appellees.

No. 8415.

Supreme Court of New Mexico.

Sept. 9, 1968.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for plaintiff-appellant.

Sterling F. Black, Los Alamos, for H. Markly McMahon and Monitor Publishing Co.

Bigbee & Byrd, Jere C. Corlett, Santa Fe, for Marie S. Zeigner.

## OPINION

NOBLE, Justice.

Ross B. Ramsey, plaintiff below, sued Marie S. Zeigner, H. Markly McMahon, editor and publisher of the Los Alamos Monitor, a newspaper published at Los Alamos, and the Monitor Publishing Company for damages on account of certain alleged libelous statements. The complaint was dismissed by the court for failure to state a claim upon which relief could be granted. The plaintiff, electing to stand upon his complaint, refused to amend and has appealed from the judgment of dismissal. The sole question presented by this appeal is whether the complaint stated a claim upon which relief could be granted.

In considering whether a complaint states a claim upon which relief can be granted, courts accept as true all facts well pleaded. Jones v. International Union of Operating Engineers, 72 N.M. 322, 383 P.2d 571; First Nat'l Bank of Santa Fe v. Ruebush, 62 N.M. 42, 304 P.2d 569.

The complaint charges that certain statements in three letters alleged to have been written by Mrs. Zeigner, two of which were published in the newspaper, contained libelous statements. A letter purporting to be from Mrs. Zeigner, addressed to the Los Alamos Superintendent of Schools, and alleged to have been published in the Los Alamos Monitor, contains the following:

"Mr. Ramsey's inconsistencies, his ill-behavior and his ill-manner, are appalling. His lies are intolerable. Frenchy, the former janitor at the auditorium, tells me that Mr. Ramsey laid his hands on him once too often, that he had done it before, that they had been going round and round for years, and each time Frenchy was going to expose Mr. Ramsey and complain, Mr. Ramsey would tell him to forget it, that it was his word against Frenchy's. Always on the defensive! That's just the same terminology he used with me when he lied to me on two different occasions, as I mentioned to you in a previous letter."

The complaint also alleges that the plaintiff was a teacher in the public schools of Los Alamos County and was manager of the Los Alamos Civic Auditorium.

Defamatory words are either actionable per se or per quod. Those which are injurious upon their face and without extrinsic aid are defamatory per se; but if insinuations, innuendo, colloquium or explanatory circumstances are necessary either to explain the person intended or the defamatory character, they are only actionable per quod and require pleading and proof of special damage to the complaining party. Chase v. New Mexico Pub. Co., 53 N.M. 145, 203 P.2d 594. We further said in Chase that:

"'In determining whether the article is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium, and explanatory circumstances. The article must be defamatory on its face "within the four corners thereof." '"

Viewed from this standpoint, we must conclude that that portion of the article above quoted is libelous per se for the reason that it tends to impeach the integrity of the plaintiff and thereby expose him to public hatred, contempt or ridicule. We find in 33 Am.Jur. Libel and Slander § 49: "Written words charging a person with being a liar or uttering falsehoods * * * are libelous per se." See also Dwyer v. Libert, 30 Idaho 576, 167 P. 651; Riley v. Lee, 88 Ky. 603, 11 S.W. 713; Paxton v. Woodward, 31 Mont. 195, 78 P. 215. See also Annot., 53 A.L.R.2d 8, 99, respecting a publication accusing a public officer or employee of falsehood. Dillard v. Shattuck, 36 N.M. 202, 11 P.2d 543, is distinguishable upon its facts because the language com-

plained of was there claimed to charge embezzlement; no contention was made that an accusation of lying was actionable per se. Furthermore, the action there was for slander where different rules are applicable. Dwyer v. Libert, supra; Farley v. Evening Chronicle Pub. Co., 113 Mo.App. 216, 87 S.W. 565.

■ The letter of March 25, 1965 is made a basis of each of the three causes of action. We are unable to agree with the contention of the defendants that the publication referred to above did not sufficiently identify the plaintiff. See Colbert v. Journal Pub. Co., 19 N.M. 156, 142 P. 146; Annot., 100 A.L.R.2d 227. The written words charging the plaintiff with having lied to Mrs. Zeigner on two occasions, being libelous per se if false, are sufficient to support the complaint. Because the entire publication was set forth in the complaint, there is no merit to the defendants' contention that the particular words charging the plaintiff with lying were required to be emphasized as those upon which the plaintiff relied as being libelous per se. See Ingalls v. Hastings & Sons Pub. Co., 304 Mass. 31, 22 N.E. 2d 657; 53 C.J.S. Libel and Slander § 164d. We need not now determine whether other allegedly libelous language is libelous per se. Procedures are available to test those issues.

■ Defendants strongly urge that because the plaintiff was a school teacher and a public employee, the publications concerning him were conditionally privileged, so that the actual-malice rule enunciated by the United States Supreme Court in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412, is applicable. Defendants argue from this that the complaint is fatally defective because of its failure to allege specific facts in terms of knowledge of falsity or reckless disregard of the truth as required for the proof of actual malice by Sullivan. "Malice" in its common acceptance means ill will toward some person. Black's Law Dictionary (4th Ed.) p. 1109. The "actual-malice" rule of the Sullivan case which limits the right of a public official to recover for libel requires proof that the publi-cation was made with actual knowledge that it was false or with reckless disregard of whether it was false. However, we need not, in the present posture of this appeal, resolve the question of whether the plaintiff was such a public official or employee as to invoke the "actual-malice" rule of Sullivan. If plaintiff was such an official or employee, the complaint is nevertheless, sufficient to raise the issue of actual malice. Even though the Sullivan case requires proof of "actual malice," it does not require specific pleading in terms of the knowledge of falsity or reckless disregard of the truth. See Walker v. Courier-Journal & Louisville Times Co., 368 F.2d 189 (6th Cir. 1966); Tagawa v. Maui Pub. Co., 49 Hawaii 675, 427 P.2d 79; Walker v. Kansas City Star Co., 406 S.W.2d 44 (Mo.1966); Annot., 76 A.L.R.2d 696. Compare Noonan v. Rousselot, 239 Cal.App.2d 447, 48 Cal.Rptr. 817; Stice v. Beacon Newspaper Corp., 185 Kan. 61, 340 P.2d 396, 76 A.L.R.2d 687; and State v. Browne, 86 N.J.Super. 217, 206 A. 2d 591.

The pertinent portion of Rule of Civil Procedure 9(b) (§ 21–1–1(9) (b), N.M.S.A. 1953) reads: "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The complaint alleges that the statements complained of were written, made and published of and concerning the plaintiff "with express and implied malice"; that they were "intentional and malicious." Under Rule 9(b), we deem the complaint sufficient in this respect. Stewart v. Ging, 64 N.M. 270, 327 P.2d 333. We are unable to agree with the defendants who contend that such a construction of Rule 9(b) is unconstitutional under the Sullivan case. We find no compelling reason to hold the rule inapplicable to the circumstances here present. If it is determined that actual malice required by Sullivan must be established in this case, questions concerning whether it existed can be ascertained under well-known procedures and that issue determined as a matter of law if there is a lack of the required knowledge of falsity or reckless disregard of truth.

We have limited our consideration of this appeal to the question of the sufficiency of the complaint to withstand the motion to dismiss. Because we have determined that the allegations concerning statements contained in the publication quoted above sufficiently assert libel per se to require overruling such motion, we have not considered, nor do we express an opinion with reference to, the other allegations of libel contained in· this and the other publications about which complaint is made.

It follows that the case must be reversed with direction to set aside the judgment of dismissal, reinstate the case on the docket and proceed further in a manner not inconsistent with this opinion.

It is so ordered.

MOISE and COMPTON, JJ., concur.