462 P.2d 148

**F. L. W. REED, Plaintiff-Appellant,**

v.

**Mitchell MELNICK, Defendant-Appellee.**

**No. 327.**

Court of Appeals of New Mexico.

Oct. 31, 1969.

Writ of Certiorari Issued Dec. 3, 1969.

Sterling F. Black, Los Alamos, for plaintiff-appellant.

Joseph G. Lawler, Sommer & Lawler, Santa Fe, for defendant-appellee.

OPINION

SPIESS, Chief Judge.

Plaintiff (Reed) sued defendant (Melnick) for damages based upon an alleged

libelous publication. The complaint was dismissed by the trial court for failure to state a claim upon which relief could be granted. Appeal is from this order. The basis of the order of dismissal is "that the matter complained of does not constitute libel per se" and "that plaintiff failed to plead special damages."

The sole question presented here is whether the language of the alleged publication is libelous per se. It is alleged that defendant published a false and defamatory statement about plaintiff in a letter to an insurance company "for whom plaintiff was then an agent and with whom plaintiff had extensive business dealings." The letter is in the following language:

"Please cancel the attached PN 46 HO 210678 for insureds Earl R. Buss and Lillian Buss. They have sold the property and wish refund. Please send refund to this office as we must finish disbursements of the closing.

"Cancellation should be effective 12–8–67, date of sale. We have just received the original policy back from lienholder. Under no circumstances send the refund to F. L. W. Reed (agent of record) as in this community people cannot get money out of him.

"I don't even want to rely on getting his return commission back from him, as he is threatening backruptcy [sic] and my client wants his full refund since he no longer owns property.

Thank you."

In Ramsey v. Zeigner, 79 N.M. 457, 444 P.2d 968 (1968) the Supreme Court said:

"Defamatory words are either actionable per se or per quod. Those which are injurious upon their face and without extrinsic aid are defamatory per se; but if insinuations, innuendo, colloquium or explanatory circumstances are necessary either to explain the person intended or the defamatory character, they are only actionable per quod and require pleading and proof of special damage to the complaining party. Chase v. New Mexico Pub. Co., 53 N.M. 145, 203 P.2d 594. We further said in Chase that:

"*In determining whether the article is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium, and explanatory circumstances.* The article must be defamatory on its face 'within the four corners thereof.'"

See also Thomas v. Frost, 79 N.M. 125, 440 P.2d 800 (Ct.App.1968).

It is generally held that words falsely written of a party, which prejudice such party in his occupation or trade are actionable per se. Prosser, Law of Torts, § 107 at 780–782 (3rd ed. 1964); Gardella v. Log Cabin Products Co., 89 F.2d 891 (2nd Cir. 1937); Southland Publishing Co. v. Sewell, 111 Ga.App. 803, 143 S.E.2d 428 (1965); Pollitt v. Brush-Moore Newspapers, Inc., 214 Md. 570, 136 A.2d 573, (1957); Coursey v. Greater Niles Township Publishing Co., 82 Ill.App.2d 76, 227 N.E.2d 164 (1967); Whitby v. Associates Discount Corp., 59 Ill.App.2d 337, 207 N.E.2d 482 (1965); Jamison v. Rebenson, 21 Ill.App.2d 364, 158 N.E.2d 82 (1959); Bonham v. Dotson et al., 216 Ky. 660, 288 S.W. 297 (Ct.App. 1926).

A case involving slander but which merits consideration in this connection is Dillard v. Shattuck, 36 N.M. 202, 11 P.2d 543 (1942), in which the court said:

"It is true that slanderous statements which would not be actionable per se when spoken of a person as an individual may become so when spoken of the same person in relation to his trade, profession, or business. When so spoken it is unnecessary to allege or prove special damage."

The following statement is contained in I Harper & James, The Law of Torts, § 5.12 at 381—(1956):

"The law of defamation has always stressed the pecuniary aspects of injury to reputation. It is to be expected, therefore, that special emphasis was placed on those defamatory charges the tendency of

which was to interfere with one's livelihood."

See also Prosser, Law of Torts, § 107 at 782 (3rd ed. 1964); Newell, Slander & Libel, §§ 150, 152 (4th ed. 1924). The rule stated has generally been applied to statements imputing insolvency, or want of credit to a businessman. Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc., 367 F.2d 625 (3rd Cir. 1966); Dun & Bradstreet, Inc. v. Robinson, 233 Ark. 168, 345 S.W.2d 34 (1961); Tucker v. Kilgore, 388 S.W.2d 112, (Ky.Ct.App.1964), rehearing denied 1965; Goudy v. Dayton Newspapers, Inc., 14 Ohio App.2d 207, 43 Ohio Op.2d 444, 237 N.E. 2d 909 (1967).

Tested by these rules it seems clear to us that the letter contains matter defamatory and of a prejudicial nature against plaintiff in relation to his business. The language, without innuendo, casts doubt upon plaintiff's solvency and suggests that he is in financial difficulty; that his credit is poor and he is unable or unwilling to meet his obligations as they accrue.

Defendant places reliance upon the Single Instance Rule (Cinquanta v. Burdett, 154 Colo. 37, 388 P.2d 779, 1 A.L.R.3rd 840 (1964). This rule, however, is inapplicable here since the words relate to a general condition (insolvency) as distinguished from a single act or occurrence. See November v. Time, Inc., 13 N.Y.2d 175, 244 N.Y.S.2d 309, 194 N.E.2d 126 (1963).

The judgment appealed from is reversed with directions to the district court to reinstate the cause on the docket and proceed in a manner consistent with this opinion.

It is so ordered.

HENDLEY, J., concurs.

OMAN, J., dissents.

OMAN, Judge (dissenting).

I am unable to agree with the majority opinion because of my understanding of the meaning of "libel per se" as set forth in the decisions of the Supreme Court of New Mexico.

In the recent case of McGaw v. Webster, 79 N.M. 104, 440 P.2d 296 (1968), our Supreme Court, in reviewing its prior decisions, reaffirmed the following definition and rules of construction:

"Libel per se was defined in Chase v. New Mexico Pub. Co., supra [53 N.M. 145, 203 P.2d 594] as:

" 'Any false and malicious writing published of another is libelous per se, when its tendency is to render him contemptible or ridiculous in public estimation, or expose him to public hatred, or contempt, or to hinder virtuous men from association with him.'

\*      \*      \*      \*      \*      \*

" 'The term 'per se' means by itself; simply as such; in its own nature without reference to its relation; and in connection with libel, the term is applied to words which are actionable because they of themselves, without anything more, are opprobrious.'

"To determine whether the publication is libelous per se, the letter alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. Chase v. New Mexico Pub. Co., supra; Young v. New Mexico Broadcasting Co., supra [60 N.M. 475, 292 P.2d 776]. The innuendo pleaded can neither add to nor enlarge the sense of the words themselves. All innuendo, therefore, must be disregarded. We are required to determine whether the letter itself, and without more, is defamatory on its face, within the four corners thereof.

"In construing the claimed defamatory article, the language said to be libelous is to be given its plain and natural meaning and to be viewed by the court as people reading it would ordinarily understand and give it meaning, without knowledge or use of any special facts or circumstances. Furthermore, we are committed to the rule that the language claimed to be libelous must be susceptible of but a single meaning and a defamatory meaning must be the only one of which the

writing is susceptible. Del Rico v. New Mexican, supra [56 N.M. 538, 246 P.2d 206]; Dillard v. Shattuck, supra [36 N.M. 202, 11 P.2d 543]. * * *"

In my opinion, the claimed libelous language in the letter here in question does not tend to render plaintiff " ' * * * contemptible or ridiculous in public estimation, or expose him to public hatred, or contempt, or to hinder virtuous men from association with him.' " I also am unable to find that the claimed libelous language is " * * * susceptible of but a single meaning * *" and that this is a "defamatory meaning."

I appreciate that in several jurisdictions the recognized categories of slander per se have been held to also constitute libel per se. Although the New Mexico cases at times have seemed to confuse libel and slander, they have never included within "libel per se" the recognized categories of "slander per se," except as the same may come within the foregoing quoted definition of "libel per se." See Dillard v. Shattuck, 36 N.M. 202, 11 P.2d 543 (1932), wherein the court recognized the classification of slander as set forth in Newell, Slander and Libel, § 4, pg. 6 (4th Ed. 1924).

Libel and slander are still distinct actions in New Mexico. As recently as its decision in Ramsey v. Zeigner, 79 N.M. 457, 444 P.2d 968 (1968), which involved libel per se, our Supreme Court, in referring to Dillard v. Shattuck, supra, stated: " * * * Furthermore, the action there [in the Dillard case] was for slander where different rules are applicable."

Perhaps our Supreme Court should reexamine the validity of the distinction it has consistently made between libel "per se" and "per quod" since the decision in Chase v. New Mexico Pub. Co., 53 N.M. 145, 203 P.2d 594 (1949). Such a reexamination was suggested by the dissenting opinion of Justice Moise in McGaw v. Webster, supra, which was concurred in by Justice Carmody. A reconsideration of this distinction was urged upon the Court of Appeals in Thomas v. Frost, 79 N.M. 125, 440 P.2d 800 (Ct.App. 1968), but was not undertaken because of the recentness of the decision in McGaw v. Webster, supra. See also, Schoen, Torts-Libel and Slander -The Libel Per Se-Libel Per Quod Distinction in New Mexico, 4 Natural Resources J., 590 (1965), wherein the abolishment of the distinction is urged.

If our Supreme Court should reexamine the distinction between "libel per se" and "libel per quod," I am not suggesting it confine its consideration to the abolishment of the distinction and the return to the common law definition of libel. I suggest the whole area of libel and slander be reconsidered, with a view to the possible abolishment of the distinction between libel and slander, and a redefinition of defamation for the purpose of giving proper consideration to the extent of the publication of the defamatory matter, the pecuniary injury resulting or likely to result from the publication, and the necessity of publication of matters for the protection of the public, in our very complex and commercialized society, from the limitless chicanery, dishonesty and unfair and irresponsible practices conceivable by the minds of some men.

There has been no opinion by our Supreme Court since the decisions in the cases of McGaw v. Webster, supra, and Thomas v. Frost, supra, to cause me to believe that there has been any relaxation in the distinction between "libel per se" and "libel per quod," or that there has been any departure from the above quoted definition of "libel per se."

For the reasons stated, I respectfully dissent.