TEX SMITH, THE HARMONICA MAN, INC., et al., Plaintiffs, *v.* ARTHUR GODFREY et al., Defendants.

Supreme Court, Special Term, New York County, January 18, 1951.

*Walter R. Barry, Alexis C. Coudert* and *Charles Hodgkins* for defendants.

*Robert S. Ratner* and *Raphael P. Koenig* for plaintiffs.

STEUER, J. The corporate plaintiff sells a ukelele for $2.99, which activity it advertises widely. The individual plaintiff is its chief stockholder. The individual defendant is a radio and television performer and the corporate defendant operates radio and television stations over which the matter to be referred to was broadcast. On April 11, 1950, the individual defendant, on a television broadcast produced one of plaintiff's ukeleles and made some remarks concerning it. While the plaintiff's name was not mentioned, the price was, and as the complaint alleges that plaintiff was the only producer at that price and was well known on account of it, no point is made on this motion that plaintiff was not referred to and that the listening audience so understood.

The complaint sets out the exact words of the individual defendant but as they are extensive, repetition would be inconvenient as well as needless. The fair purport of the remarks follows. Three different makes of ukeleles were exhibited. The first was stated to retail at about $11 and was described as a good instrument. The second, retailing at about half that price, was stated to be suitable for learning to play and for beginners in the art. Third, plaintiff's was inferred to be unsuitable for either study or performance. It was pointed out that there were no frets but merely a painted line to indicate the fret. The tone was illustrated to indicate its poverty. The opinion was expressed that to sell the instrument as a ukelele might not be contrary to law but that people who did it should be jailed. The conclusion is that no one should be deceived into buying it.

The first cause of action is against the individual defendant, the third against the corporation. The fourth is against both for a radio rebroadcast of the same remarks. The second is in favor of the individual plaintiff against both defendants. The motion is to dismiss the complaint or in the alternative each cause of action for failure to make out a cause of action.

The gist of the motion is the claim that the words used are not actionable, or in other words, not slanderous per se. While the progressive development of the law of defamation discloses a field in which general statements can rarely be made without challenge, there are a few principles concerning which there is general accord. Words, slanderous per se, are limited to those which impute unchastity to a woman, charge the commission of a crime or tend to injure the person spoken of in his business or profession. The first two grounds are not applicable here. The fair import of the statement deplores the state of the criminal code but charges no violation of it as constituted. As regards the third category distinction has always been made between the product and the manufacturer or seller. Slander of the product is not slander per se of the maker or seller. Words tending to injure in a business are those which impugn solvency or would directly have an adverse effect on credit, or charge unethical or unfair practices in the conduct of the business.

It is sometimes difficult to say whether words impeach the product or the sale of it. This is particularly true where, as here, they assert the marketing of inferior merchandise. It is, however, clear that in this statement the method as well as the goods are within the field of the remarks. Their intendment is that a purchaser is duped into buying a worthless article by grossly unfair advertising. It is not only that plaintiff is inept, unskillful or ignorant in manufacture, but that it is unethical. This is actionable.

If the words are regarded purely as a reflection on the instruments, the same result would be reached. Here the words only become actionable if it is shown that damage followed upon their utterance. There was a time when such damage had to be specifically shown — the loss of a contract, a position, or the like. It is practicably impossible for one selling to the general public at retail or by mail order to show loss of particular sales. Under such circumstances those people were without remedy from the most groundless calumny. It is, however, now recognized that allegations and proof of a general loss of sales is

sufficient, leaving it to the trier of the facts to determine whether the loss is properly to be attributed to the slander or not. The allegations of the complaint on this subject are sufficient by this standard.

No point has been raised in regard to differentiating between the plaintiffs. Although it may not be immediately apparent how the individual plaintiff could have suffered through words spoken of the corporation, that question has not been raised.

Motion denied.