292 P.2d 776
George V. YOUNG and Stanley Davis, d/b/a Day and Night Television Service Company, Plaintiffs,

Stanley Davis, d/b/a Day and Night Television Service Company, Appellee,

v.

NEW MEXICO BROADCASTING COMPA-NY, a New Mexico corporation; Better Business Bureau of New Mexico, also known as Better Business Bureau, Inc., a New Mexico corporation; Harry Luttbeg; Association of Radio and Television Services, a New Mexico corporation; H. E. Whiteside, Defendants,

Harry Luttbeg and Association of Radio and Television Services, Appellants.

No. 5992.

Supreme Court of New Mexico.

Jan. 20, 1956.

476

Hannett & Hannett, Thomas G. Cornish, Albuquerque, for appellants.

Irving E. Moore, William C. Marchiondo, Albuquerque, for appellee.

COMPTON, Chief Justice.

Appellants, defendants below, appeal from an adverse judgment awarding damages for libel. Plaintiff Young and appellee Davis were partners engaged in television repair service at Albuquerque under the trade name Day and Night Television Service Company. Davis was a silent partner in the company when the suit was brought by Young, but at his own request, was made a party plaintiff. Subsequently, Young assigned his interest in the company to Davis. The cause was then dismissed as to Young and carried on in the name of Davis.

They had been advertising regularly in the local newspaper. Their ad read:

"Television Service
"$2.50                                    Call
"Why Pay More?

"Our skilled electronic technicians will now repair and adjust your television set for only $2.50 plus parts. Open 7 days a week from 9:30 'til 9:-30

"Day and Night
Television Service
"2413 Fourth St. NW Phone 2–2737"

On March 30, 1954, appellants televised a program sponsored by Better Business Bureau, entitled "Hit the racket." Luttbeg was the narrator and displaying the ad to the viewing public, commented thereon as follows:

" * * * certain of the T.V. servicemen (meaning Plaintiff) are misleading and cheating the public"; "They (meaning Plaintiff) did not bring in any tools except a screwdriver in one of their pockets."; "This is what has been referred to in the trade as the ransom. Ransom, the ransom racket. The technique of taking up the stuff after first assuring the set owner that the charges would only be nominal, and then holding the set for ransom, much as the way you would kidnap an individual and hold that individual for ransom * * *"; " * * is it reasonable to assume that these offers of cheap servicing are not made in good faith?"; "They (meaning Plaintiff) * * * merely bait offers to get their foot in the door, and then to load the unsuspecting public with a lot of charges"; " * * * tell the public just what the public can do to eliminate the chance of running into rackets of this kind."; " * * * two dollars and a half per call is hardly ethical advertising * * *"; "The service racketeer * * *"; "T.V. service racketeering * * *"; "It is the experience of the Better Business Bureau that the best way to kill a racket is to expose it."

■ Special damages were not alleged and the parties are in accord that if a publication is libelous per se, special damages need not be alleged. They also are in accord that if the publication is libelous per quod, special damages must be alleged in stating a cause of action. Del Rico Co. v. New Mexican, 56 N.M. 538, 246 P.2d 206. However, appellants argue that the telecast is not libelous per se, and since special damages are not alleged, it is not libelous per quod. We think the telecast has a per se character. Standing alone, neither the advertisement nor the words used by Luttbeg, could be construed as libel. But the two combined impute fraud and dishonesty to the company and its operators. Dillard v. Shattuck, 36 N.M. 202, 118 P.2d 543; Chase v. New Mexico Pub. Co., 53 N.M. 145, 203 P.2d 594; Tex Smith The Harmonica Man, Inc., v. Godfrey, 198 Misc. 1006, 102 N.Y.S.2d 251; 53 C.J.S., Libel and Slander, § 50.

■ Appellants further argue that since innuendo was pleaded, that fact alone refutes any idea that the language is libelous per se. While innuendo was alleged, it was not relied on to state a cause of action. Stripped of the innuendo, the language is defamatory per se. The case of Chase v. New Mexico Pub. Co. supra, relied on by appellants, is thus distinguished.

■ The point is made that since Davis was a silent partner, the defamatory statements could not possibly have been directed at him, or so understood by the public. We find this argument without merit. Several people on seeing the telecast immediately associated it with appellee's business, particularly a Mrs. Rose, who stated that she had seen the program and felt that she had been mistreated. Friends and acquaintances were apprehensive and inquired of appellee to know the meaning of the telecast. In any event, libel of the trade name was libel of the partners, either of whom was entitled to maintain the action. Marr v. Putnam, 196 Or. 1, 246 P.2d 509.

■ The admission of proof of special damages is assigned as error. The admission was not error; where the alleged libel is actionable per se, proof of special damages, though not pleaded, may be received as demonstrative generally of a plaintiff's injury incidental to his injured reputation. Julian v. American Business Consultants, Sup., 131 N.Y.S.2d 374.

■ It is claimed there was a failure of proof of actual damages. There is evidence that almost overnight appellee's business declined to such an extent that the operating staff had to be reduced and the company was forced into other fields of operation for a livelihood. This evidence, though somewhat indefinite, presented a factual question and was sufficient to enable the jury fairly and reasonably to approximate the damages. Where the legal right to damages exists, computation with mathematical certainty is not required. J. R.

Watkins Co. v. Eaker, 56 N.M. 385, 244 P.2d 540. Further, the telecast being actionable per se, it carries a presumption of general damages and proof of such damages was not required. Ilitzky v. Goodman, 57 Ariz. 216, 112 P.2d 860; Kendall v. Lively, 94 Colo. 483, 31 P.2d 343; Hedrick v. Perry, 10 Cir., 102 F.2d 802; 53 C.J.S., Libel and Slander, § 262. See also 81 A.L.R., where the cases are assembled.

The telecast was on March 30, 1954. The complaint was filed May 14, 1954, and appellants contend that the court erred in permitting the jury to consider damages accruing from the telecast, subsequent to the latter date. After a careful consideration of this claimed error, we are convinced that it has no merit and that it would have been reversible error to so limit the damages.

Assigned as error is the refusal of the court to give various tendered instructions. An analysis of the instruction requested discloses that matters covered thereby are fully and adequately covered by the instruction given. Consequently, it was not error to refuse the requested instructions. Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047; Snodgrass v. Turner Tourist Hotels, Inc., 45 N.M. 50, 109 P.2d 775.

Finally, the validity of the assignment from Young to appellee is attacked. Generally, a right of action for purely personal tort is not assignable before judgment, Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731, but the validity of the assignment is unimportant, as it did not purport to assign a cause of action. Appellee, having been made a party plaintiff, was entitled to maintain the suit in his own right. Marr v. Putnam, supra.

The judgment is free of error and the same should be affirmed, and it is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.