327 P.2d 333

James J. STEWART, Plaintiff-Appellant,

v.

Herman GING, Owen Gragg, John W. Porter, Ben Sturdivant, Paul H. Tripp, Edwin W. Parker, Robert J. Smith and Joe B. Scrimshire, Defendants-Appellees.

No. 6362.

Supreme Court of New Mexico.

July 2, 1958.

Nordhaus & Moses, Fred Trechel, Albuquerque, for appellant.

Atwood & Malone, Roswell, Neal, Neumann & Neal, Carlsbad, for appellees.

LUJAN, Chief Justice.

This is a libel action based upon alleged defamatory statements contained in a report by a Commission on Investigation of the

Oklahoma Annual Conference of the Methodist Church. The report, or a summary thereof, was published in the Oklahoma-New Mexico Methodist, the official publication of the Methodist Church in the Oklahoma-New Mexico area.

Appellant, plaintiff below, alleges that prior to May of 1956 he was a regular ordained traveling preacher of the Methodist Church duly appointed as the preacher of St. John's Methodist Church in Albuquerque, New Mexico, and that he is still a duly ordained preacher.

In December of 1956, appellant forwarded written charges against W. Angie Smith, Bishop of the Oklahoma-New Mexico Conference of the Methodist Church, to the District Superintendent of the Oklahoma Conference of the Methodist Church.

Appellant further alleges that in January of 1957 the aforementioned committee on investigation purportedly conducted an investigation of appellant's charges against Bishop W. Angie Smith and published its report, or a summary thereof, in the Oklahoma-New Mexico Methodist. The title of the report in question is "Complaints Against Bishop W. Angie Smith Found Base And Untrue-Accuser Is Condemned." Out of this report arises the action for libel involved in this case.

There is some disagreement as to whether the appellee, Joe E. Scrimshire, defendant below and Superintendent of the Methodist Church in Carlsbad, New Mexico, was an official member of the committee on investigation. Appellee signed the allegedly libelous report and was the only defendant served with process.

The complaint alleges that the report contained false statements made by appellee with the intent and purpose of injuring appellant's reputation as a minister and as a man.

Appellee moved that the trial court dismiss the complaint upon the following grounds:

(1) That the matter published was not libelous *per se,* and therefore appellant had failed to state a claim upon which relief could be granted since there was no allegation of special damages, and

(2) That the published report was privileged.

The court below granted the motion of appellee to dismiss the complaint and appellant appeals from that order to this court.

Appellant first contends that the published report is libelous *per se* and that consequently it was unnecessary to allege special damages in the complaint. We agree with this contention.

The report in question stated that the plaintiff, a minister of the gospel, "has either willfully tried to deceive, or is suffering from a greatly confused mind;" that he "has been guilty of the grossest

type of unministerial conduct;" that he "violated his pledge at the altar;" that "he has demonstrated either cowardice, ignorance, or willful deceit;" and that "we condemn James J. Stewart for actions unbecoming a minister."

In this jurisdiction the term libel *per se* is applied to words which are actionable because they are opprobrious in and of themselves without anything more. Chase v. New Mexico Publishing Co., 53 N.M. 145, 203 P.2d 594; See Del Rico Co. v. New Mexican, Inc., 56 N.M. 538, 246 P.2d 206. For purposes of argument before this court, appellee himself concedes that the article is libelous *per se*.

The decision then must, of necessity, turn on the doctrine of privilege in the law of defamation.

The court's action in dismissing the complaint was undoubtedly based upon one of the following grounds:

(1) That the occasion was one which furnished an absolute privilege, or

(2) That, as defendant contends, the facts pleaded are not sufficient to show malice to the extent necessary to overcome the prima facie qualified privilege, or

(3) That the occasion was one of qualified privilege and such privilege was not abused.

Thus it becomes necessary to consider each of these possible bases for the trial court's ruling.

The occasion did not furnish the defendant with an absolute privilege. Absolute immunity from responsibility without regard to purpose, motive, or reasonableness of conduct is, and should be, confined to a very few rather well-recognized situations. Prosser on Torts § 94 (1941). The case at hand does not fall within any of such recognized situations as appellee appears to concede in his argument. It follows then that the complaint could not have been dismissed on the ground that the occasion was one of absolute privilege.

We are of the opinion that the occasion was one of qualified privilege. Numerous cases accord a qualified privilege to reports, charges and accusations, and investigations made by committees of religious organizations for the advancement of the mutual interests of the parties to the communication. 1 Harper and James, The Law of Torts § 5.26 (1956); see extensive annotation in 63 A.L.R. 649. No minister can expect that the question of whether he measures up to the standards of behavior demanded by his parishioners and church superiors might not be investigated by committees of his church—especially when he has made serious charges against a church superior. Nor can a minister expect that the result of such investigation will not be published in the official paper of his church. See 33 Law Notes 73 (1929).

Appellant, while recognizing that the occasion was one which gave rise to a

qualified privilege, urges that appellee was not protected by such privilege. We find no merit in this contention. Appellee was one of the eight persons who signed the report in question. It seems clear that he was, at the very least, an *ex officio* member of the committee on investigation.

■ Having determined that the occasion was one of qualified privilege, it becomes necessary to answer appellee's contention that the complaint pleads a mere conclusion and fails to plead sufficient facts to show malice and overcome the *"prima facie"* qualified privilege. See Ward v. Ares, 29 N.M. 418, 223 P. 766.

Paragraph 5 of the complaint stated as follows:

"That the said article contained false statements maliciously made by each of the said Defendants with the intent and purpose of injuring the reputation of the Plaintiff as a minister and as a man."

Paragraph 7 of the complaint stated as follows:

"That the publication of the said article, 'Plaintiff's Exhibit A' maliciously and falsely attacks the character and reputation of the Plaintiff, without serving any legitimate or lawful purpose with respect to the official findings of said Committee on Investigation, and that said article was caused to be published primarily for the purpose of maligning the Plaintiff * *."

In this jurisdiction, where malice may be averred generally, the complaint pleaded sufficient facts to show malice. See Rules of Civil Procedure, rule 9(b), section 21-1-1(9) (b), N.M.S.A.1953.

■ A motion to dismiss for failure to state a claim upon which relief can be granted, like the old common law demurrer, admits well-pleaded facts. First National Bank of Santa Fe v. Ruebush, 62 N.M. 42, 304 P.2d 569; 2 Moore's Federal Practice § 12.08 (2d Ed. 1948). Thus it must be taken as admitted that the article was falsely and maliciously published. This being the case, the complaint could not have been dismissed for failure, as appellee phrases it, "to state facts sufficient to overcome the prima facie existence of the privilege."

This brings us to the third and last possible basis for dismissing the complaint, namely, that the occasion was one of qualified privilege and the privilege was not abused. We have previously stated that the occasion was one which furnished a qualified privilege. Accordingly the pivotal question is abuse of privilege and the allocation of function between judge and jury in this regard.

■ The question whether an occasion gives rise to a qualified privilege is one for the court as an issue of law. Once the occasion is ruled by the judge to be qualifiedly privileged, the question whether

it was abused (often expressed in terms of malice, i.e., whether the publisher acted from actual ill-will or from an improper purpose) is ordinarily for the jury. 1 Harper and James, The Law of Torts §§ 5.25, 5.29 (1956); Fraser, Law of Libel and Slander p. 178 (5th Ed. 1917); Odgers on Libel and Slander p. 229 (5th Ed. 1911); Prosser on Torts p. 852 (1941).

We have previously recognized the above rule. In denying a motion for rehearing in the case of White v. Morrison, 62 N.M. 47, at page 51, 304 P.2d 572, at page 575, we stated the following:

"Assuming for the purpose of our opinion that a qualified privilege exists in Racing Stewards while pursuing investigations of law violations at the track, *whether what was said at the time and place in question was made in the exercise of that privilege, was a question for the trier of the facts* which found it was not." (Emphasis added.)

■ Only in the case where but one conclusion can be drawn from the evidence is the determination of the question of abuse of privilege a matter of Law for the court. Prosser on Torts, supra (1941); Fraser, Law of Libel and Slander, supra; Conrad v. Allis-Chalmers Manufacturing Co., 228 Mo.App. 817, 73 S.W.2d 438; Stevenson v. Northington, 204 N.C. 690, 169 S.E. 622; Williams v. Standard-Ex-

aminer Publishing Co., 83 Utah 31, 27 P.2d 1. Reasonable men could easily differ on the question of abuse of privilege in this case.

Accordingly the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.

COMPTON, J., and J. M. SCARBOROUGH, GARNETT R. BURKS and FRED J. FEDERICI, District Judges, concur.