ROBERT E. McKEE GENERAL CONTRACTOR, INC., a corporation, Appellant,

v.

INSURANCE CO. OF NORTH AMERICA, a corporation, Appellee.

No. 6068.

United States Court of Appeals Tenth Circuit.

July 28, 1959.

196

T. B. Keleher, Albuquerque, N. M. (W. A. Keleher, Albuquerque, N. M., was with him on the brief), for appellant.

Richard G. Cooper, Albuquerque, N. M. (Iden & Johnson, Albuquerque, N. M., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This action was initiated by appellee in the District Court for the District of New Mexico to assert a claim for damages against appellant founded upon contractual subrogation rights. The appellee insurance company had paid to its insured, one David Cooper, a retail merchant, $16,479.43 upon a claim for damage occasioned to merchandise through the collapse of the building occupied by the insured. Liability for the loss suffered by Cooper was admitted by appellant, a contractor engaged in demolishing an adjoining building. The single question presented to the trial court was the amount of damage suffered by Cooper. That court determined the loss to be the sum of $5,723.32 and entered judgment for the insurance company accordingly. The single question presented on appeal is whether or not the trial court's determination of amount of loss can find support in the evidence.

When the store building leased by Cooper became unsafe due to the excavation made by appellant, Albuquerque city officials declared the premises dangerous and sealed them off from public entrance for a period of six to eight weeks. Dirt, dust, plaster and water covered the merchandise, largely inexpensive items of clothing. Such events caused Cooper to consider the stock unsaleable and it then became "either the insurance company's (appellee) or Robert E. McKee's (appellant)." After the merchandise could be safely reached, Cooper and a representative of an underwriters salvage company inventoried the stock upon an adjusted cost basis. This basis, factually premised upon Cooper's accounting procedures, gave consideration to actual cost adjusted in view of both appreciated and depreciated market value. Cooper testified that a total of the inventory would be less than cost due to these adjustments and less than the current market value, apparently signifying the wholesale market to which he, as a retailer, would look for replacements. See Comment f. to § 911 of The Restatement of Torts. The inventory value was determined to be $16,479.43 which was the amount paid to Cooper by appellee.

The insurance company then solicited six bids upon the merchandise in bulk. A high offer of $5,400 was rejected and, on second bidding, an offer of $6,746.01 was accepted. The difference between this amount and the sum paid to Cooper was the amount claimed in the instant action.

A witness for the appellant-defendant testified that in his opinion the goods had been damaged ten per cent. He did not consider damage by water and apparently limited his opinion to an estimate of the actual physical damage occasioned the merchandise.

By rendering judgment for the sum of $5,723.32 the trial court refused to adopt the contentions of either appellant or appellee, in toto, as to the amount of compensable loss. In attempting to apply the general rule and award the difference in value of the chattels before the injury and after the injury, A.L.I. Restatement of Torts, § 928, the court was faced with the necessity of estimating both actual values, from figures derived from a particular bookkeeping system as to the former and from what it considered a private, somewhat compulsory sale as to the latter. Such necessity will not defeat recovery.

It is well established under New Mexico law that the lack of cer-

tainty of proof of damage which will prevent a recovery is uncertainty as to the fact of the damage and not as to its amount, Nichols v. Anderson, 43 N.M. 296, 92 P.2d 781; Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231. Where a legal right to damages exists, computation of the amount thereof with mathematical certainty is not required, J. R. Watkins Co. v. Eaker, 56 N.M. 385, 244 P.2d 540, and the fact finder may approximate the loss where that may fairly and reasonably be done. Young v. New Mexico Broadcasting Co., 60 N.M. 475, 292 P.2d 776.

Although the trial court's subjective reasoning in arriving at the determination of exact amount of loss cannot be ascertained from the record, still such determination is an approximation well within the allowable limits of the evidence and as such is sustainable. Mountain States Tel. & Tel. Co. v. Hinchcliffe, 10 Cir., 204 F.2d 381; Hoffer Oil Corp. v. Carpenter, 10 Cir., 34 F.2d 589.

Affirmed.