391 P.2d 651

Marge HOECK, also known as Marge White
of KOB-TV and Marjorie R. Hoeck,
Plaintiff-Appellee,

v.

Harriet TIEDEBOHL and Thomas M.
Kromer, Defendants-Appellants.

No. 7359.

Supreme Court of New Mexico.

April 20, 1964.

William B. Keleher, Keleher & McLeod,
Russell Moore, Albuquerque, for appellants.

Virginia Malloy, R. Hugo C. Cotter, William R. Hendley, Albuquerque, for appellee.

COMPTON, Chief Justice.

The defendants appeal from a judgment entered against them in a libel action growing out of their publication of the following article appearing in the February, 1961, issue of a shopping news magazine in Albuquerque, New Mexico:

> "Marge Hoeck (Marge White of KOB-TV) off on a six month jaunt * * * true story: persuaded to take a charm course by employees as standard procedure * * * is knitting little things as she and her husband expect an addition to an already half-grown family * * *."

· The plaintiff, Marge Hoeck, has been engaged in television work for KOB-TV. When the quoted article appeared she was neither married nor pregnant, although she had been married twice previously and was the mother of two grown sons. Nor was plaintiff at anytime ever persuaded or re-

quired to take a charm course. She brought this action for libel charging malice and alleging, among other things, that since she was unmarried and not in need of a charm course, the article tended to render her contemptible and ridiculous in the public estimation and to expose her to public hatred, ridicule, scorn, contempt, shame and disgrace. She sought general and exemplary damages but alleged no special or actual damages, nor were any proven. The defendants' motion to dismiss the complaint for failure to state a cause of action was denied and the cause was tried to a jury. The jury found for the plaintiff and the defendants have appealed.

The sole question to be determined is whether the words in the publication in question are libelous per se. It was on this theory that the action was instituted, the case submitted to the jury and the judgment entered on the verdict in favor of the plaintiff, appellee here.

■ It is well-established in this jurisdiction that the term libel per se is applied to words which are actionable because they are opprobrious in and of themselves without anything more. Stewart v. Ging, 64 N.M. 270, 327 P.2d 333; Del Rico Co. v. New Mexican, Inc., 56 N.M. 538, 246 P.2d 206; Chase v. New Mexico Publishing Co., 53 N.M. 145, 203 P.2d 594. In the Del Rico case this court, in examining a publication to ascertain if it was libelous per se, stated:

"* * * In determining this question the article alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. To be libelous per se, the writing must be dafamatory *on its face* and such a meaning must be deduced *'within the four corners thereof.'* * * * Furthermore the defamatory meaning must be the only one of which the questioned writing is susceptible. * * *

* * * * * *

"Furthermore, the statements claimed to be libelous, if such per se, must carry but a single meaning, and it an opprobrious or defamatory one. The language said to be libelous should be given its plain and natural meaning and be viewed by the court as other people reading it would ordinarily understand and give it meaning. Nor may any special knowledge of the facts, possessed by the parties concerned, be brought to bear to give meaning to the words said to be libelous. They are to be construed as a stranger might view them without the aid of any such knowledge as that possessed by the parties mentioned. * * *"

The foregoing principles are the outgrowth of and entirely consistent with our decisions in Colbert v. Journal Publishing Co., 19 N.M. 156, 142 P. 146; Ward v. Ares et al., 29 N.M. 418, 223 P. 766; Wood v.

Hannett et al., 35 N.M. 23, 289 P. 590; Dillard v. Shattuck, 36 N.M. 202, 11 P.2d 543; See also Young v. New Mexico Broadcasting Company, 60 N.M. 475, 292 P.2d 776; 33 Am.Jur., Libel and Slander, § 84, and 53 C.J.S. Libel and Slander § 8.

In the light of these principles, and viewing the words in the publication here complained of as a stranger might view them without the aid of extrinsic or explanatory circumstances, we find nothing that could characterize the publication as libelous per se. Without a knowledge of extrinsic facts there is nothing on the face of the article which defames the appellee.

It is also well-settled by our decisions heretofore cited that if words constituting an alleged libel are not defamatory or actionable per se, there can be no recovery where there has been no allegation and proof of special or actual damages.

In view of our holding that the publication was not libelous per se, and the appellee having failed to allege or prove special or actual damages, she was not entitled to recover and the court below erred in entering its judgment on the verdict of the jury in her favor.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the verdict and enter judgment for the appellants. It is so ordered.

CARMODY and NOBLE, JJ., concur.