440 P.2d 800

Lewis H. THOMAS, M.D., Plaintiff-Appellant,

v.

B. N. FROST, Defendant-Appellee.

No. 102.

Court of Appeals of New Mexico.

April 19, 1968.

David L. Norvell, Clovis, for appellant.

Lynell G. Skarda, Clovis, for appellee.

## OPINION

ARMIJO, Judge.

Lewis H. Thomas, a medical doctor, filed his complaint against B. N. Frost, publisher of a credit service publication, to recover general and punitive damages based on alleged libelous, false and defamatory matters contained in a publication published in June, 1966, and circulated to approximately seventy subscribers within a radius of some seventy miles from Clovis.

No actual or special damages were pleaded or proved. The case was tried to the court without a jury. Requested findings of fact and conclusions of law were filed after which the court rendered its decision resolving the issues in favor of defendant and entered judgment dismissing the complaint. From the judgment, the plaintiff now appeals.

In order to provide an insight into the facts leading to the incident resulting in this action, we relate the following background.

In 1961, appellant and his wife were divorced. The custody of their children was awarded to the mother and, pursuant to court order, appellant had been contributing regularly to the mother for the childrens' support. On September 4, 1965, one of the children, then 16 years of age, purchased certain articles of clothing at the Vohs Co. for a total purchase price of $78.52 and paid $40.00 in cash; she signed the ticket evidencing the transaction and the balance was charged to appellant. The circumstances as to how this balance came to be charged in appellant's name are in dispute.

Appellant denies having given any authority for such action.

The Vohs Co., a retail store, was a subscriber of appellee's credit service publication. The publication dealt with the exchange of information concerning delinquent accounts among its subscribers. Appellee was a resident of the State of Alabama.

The publication in question contained the following language:

"The information submitted herewith is not available for public distribution and should be treated as confidential. The purpose of this bulletin is the limited exchange among subscribers of information relating to past due accounts. This information is compiled from reports submitted by our subscribers and is believed to be accurate. To the best of our knowledge it does not include disputed accounts. Nothing in this report is to be construed as an accusation that any debtor listed is unwilling to pay his or her just debt."

Among those listed in the report appeared the following:

"Thomas, Dr. L. H. The Vohs Co. Clovis $38.52"

Appellee admitted the publication but denied that the same was false, defamatory or published maliciously; he denied other allegations and asserted other affirmative defenses.

As soon as the matter of the account being disputed was brought to his attention, appellee dropped appellant's name from subsequent publications.

Appellant contends that the words published by appellee and disseminated as above stated, say appellant was delinquent in the payment of a debt; that the writing was false, defamatory and maliciously made with intent to injure appellant; that appellant was embarrassed thereby and was held up to public ridicule whereby he was entitled to recover general and punitive damages.

Appellant's first point challenges the trial court's ruling that the publication was not libelous per se.

Numerous cases have been presented to our Supreme Court for determination if publications are libelous per se; among them are: McGaw v. Webster, 79 N.M. 440, 440 P.2d 296, decided March 25, 1968; Rockafellow v. New Mexico State Tribune Co., 74 N.M. 652, 397 P.2d 303 (1964); Hoeck v. Tiedebohl, 74 N.M. 146, 391 P.2d 651 (1964); Stewart v. Ging, 64 N.M. 270, 327 P.2d 333 (1958); Del Rico Co. v. New Mexican, Inc., 56 N.M. 538, 246 P.2d 206 (1952); Chase v. New Mexico Pub. Co., 53 N.M. 145, 203 P.2d 594 (1949) and Ward v. Ares, 29 N.M. 418, 223 P. 766 (1924).

In McGaw v. Webster, supra, the court adopted with approval the definition of libel per se as earlier stated in Chase v. New Mexico Pub. Co., supra, which said:

" 'Any false and malicious writing published of another is libelous per se, when its tendency is to render him contemptible or ridiculous in public estimation, or expose him to public hatred or contempt, or to hinder virtuous men from association with him.'

\*       \*       \*       \*       \*       \*

"The term 'per se' means by itself; simply as such; in its own nature without reference of its relation; and in connection with libel, the term is applied to words which are actionable because they of themselves, without anything more, are opprobrious."

Also in McGaw v. Webster, supra, the court proceeded to set forth the test for determining if a publication is libelous per se; it said:

"To determine whether the publication is libelous per se, the letter alone must be construed, stripped of all insinuations, innuendo, colloquialisms and explanatory circumstances. Chase v. New Mexico Pub. Co., supra; Young v. New Mexico Broadcasting Co., supra [60 N.M. 475, 292 P.2d 776]. The innuendo pleaded can neither add to nor enlarge the sense of the words themselves. All innuendo, therefore, must be disregarded. We are required to determine whether the letter itself, and without more, is defamatory on its face, within the four corners thereof.

"In construing the claimed defamatory article, the language said to be libelous is to be given its plain and natural meaning and to be viewed by the court as people reading it would ordinarily understand and give it meaning, without knowledge or use of any special facts or circumstances. Furthermore, we are committed to the rule that the language claimed to be libelous must be susceptible of but a single meaning and a defamatory meaning must be the only one of which the writing is susceptible. Del Rico v. New Mexican, supra; Dillard v. Shattuck, supra [36 N.M. 202, 11 P.2d 543]. When tested by these rules, we must conclude that the letter in this case is not libelous per se, and hence not actionable in the absence of allegations and proof of special damages."

Since we think appellant's first point is dispositive of this appeal, we shall assume, for the sake of argument, that appellant is correct in his second point, that it was error for the trial court to find that he owed the debt in question.

Considering, as we must, the credit report itself, we find no reference nor inference of an accusation of dishonesty or insolvency of those listed; on the contrary, it contains explanations that the report accuses none of those listed as being unwilling to pay a just debt and it does not foreclose the possibility it may be a disputed or unjust account. The information is intended to be confidential and its sole purpose is an aid to subscribers by way of furnishing information concerning past due accounts.

The mere listing of the account in the manner here done was not such as would

hold appellant up to public disgrace or ridicule.

The record is barren of facts from which malice either expressed or implied may be inferred.

Giving the publication its plain and natural meaning, without any special facts or circumstances, we are unable to conclude there is only a defamatory meaning, an opprobrious, disgraceful or infamous intendment which would render appellant contemptible or ridiculous in public estimation or expose him to public hatred or contempt, or hinder virtuous men from associating with him. Such a report is almost universally held not to be libelous per se. Porak v. Sweitzer's Inc., 87 Mont. 331, 287 P. 633 (1930).

It is interesting to note that witnesses called by appellant testified they continued to hold appellant in as high an esteem after reading the publication as they did before.

We hold the publication was not libelous per se.

In so doing, we do not overlook appellant's contention that the distinction between per se and per quod libel be reconsidered. There is authority for such a reconsideration. Hinkle v. Alexander, 244 Or. 267, 411 P.2d 829, 417 P.2d 586 (1966); Martin v. Outboard Marine Corp., 15 Wis. 2d 452, 113 N.W.2d 135 (1962) and Herrmann v. Newark Morning Ledger Co., 48 N.J.Super. 420, 138 A.2d 61 (1958). However, the very recent New Mexico Supreme Court decision of McGaw v. Webster, supra, continued to recognize and apply the distinction. We feel reconsideration is foreclosed because of the recentness of the decision of New Mexico's highest court.

Other claimed errors concerning the trial court's ruling on certain evidence as well as attacks on the trial court's findings concerning appellant's obligation to Vohs Co. on the account, lack of substantial evidence to support finding appellant to be a nontrader and that the report was a privileged publication, will not be considered in view of our ruling on the first point.

The trial court's judgment is affirmed. It is so ordered.

OMAN and WOOD, JJ., concur.