503 P.2d 150

Josie PEREA, Plaintiff-Appellee,

v.

FIRST STATE BANK et al., Defendants-Appellants.

No. 870.

Court of Appeals of New Mexico.

Oct. 27, 1972.

John B. Tittmann, Keleher & McLeod, Albuquerque, for appellants.

J. E. Casados, Robert H. McBride, Casados & McBride, Albuquerque, for appellee.

## OPINION

SUTIN, Judge.

Mrs. Perea recovered damages for libel per se. The cause was tried to the court without a jury. Defendants appeal.

We reverse.

On September 15, 1969, Mrs. Perea handed a check in the sum of $44.40 to Stella, the bank teller, to make a loan payment of $36.05. Stella gave her back $108.-35, consisting of five $20 bills, one $5.00 bill, three $1.00 bills, and change. By habit, Mrs. Perea put the money and receipt in her purse, said "so long" to a friend and left the bank. After the bank closed, the $100.00 error was discovered by Stella, about 2:45 p. m.

Hackett, an officer trainee of the bank, immediately prepared a xerox copy of the check on a sheet of paper. The check was made payable to Leo Perea, and it was signed by Frances Sanchez. Mrs. Perea's name does not appear on the check by endorsement or otherwise. Underneath the xerox copy of the check, Hackett wrote the following:

| | | |
|---|---|---|
| Amount of Check | 44.40 | |
| Check presented as | 144.40 | |
| Less payment received | 36.05 | |
| Cash returned | 108.35 | |
| Error in cash returned | 100.00 | (This $100.00 |
| Amount returned that | | will be added |
| would be correct | 8.35 | to your note |
| [Emphasis added] | | unless we receive $100.00 by 9–16–69 at 1200 Noon. [sic] |

There is no evidence that Mrs. Perea presented the check as $144.40, although a glance at the figures written look like $144.40 because the dollar sign ($) is repeated in writing between the printed dollar sign ($) and the figures 44.40.

The trial court found in part:

That . . . Hackett, an employee of Defendant, . . . Bank, *published or caused to be published a defamatory statement against the Plaintiff containing language imputing that Plaintiff had committed a crime.* [Emphasis added]

The court concluded:

That the actions of Defendant Bank, through its employees, in publishing a certain document were libel per se.

Mrs. Perea objected to the words on the sheet of paper, "Check presented as 144.-40."

█ The sole question is: Do the words "Check presented as 144.40," supra, which do not mention the name of plaintiff, Josie Perea, in and of itself, constitute "a defamatory statement against the Plaintiff containing language imputing that Plaintiff had committed a crime"? The answer is "no."

The words used above without resort to extrinsic facts would cast no imputation or innuendo that plaintiff, Josie Perea, committed a crime.

"[A] defamatory character will not be given to the words 'unless this is their plain and obvious import,' and that the language will 'receive an innocent interpretation where fairly susceptible to it.'" Reed v. Melnick, 81 N.M. 608, 471 P.2d 178 (1970). We hold, as a matter of law, that the words "Check presented as 144.40" is fairly susceptible to an innocent interpretation. They are consistent with an inadvertent or unintentional or innocent presentation as they are to an intentional or wrongful presentation. The words do not plainly and obviously impute the commission of a crime.

█ A serious question also arises whether the words were published and intended to refer to Mrs. Perea. The only witness who knew the words referred to Mrs. Perea was Stella, the bank teller. A real conflict of authority exists whether a communication to a defendant's employee is a publication for which an employer is liable in an action for libel. 50 Am.Jur.2d, § 167. We do not decide that question.

But we emphasize that if the words used were published without mention of the plaintiff's name, plaintiff must prove by extraneous circumstances that persons knowing plaintiff can and do understand that the plaintiff is the person referred to. Young v. New Mexico Broadcasting Company, 60 N.M. 475, 292 P.2d 776 (1956); Colbert v. Journal Publishing Company, 19 N.M. 156, 142 P. 146 (1914); State v. Ogden, 20 N.M. 636, 151 P. 758 (1915); 50 Am.Jur.2d Libel & Slander, § 143.

In this case, plaintiff failed to present any extraneous circumstances that she was the person referred to.

There is no evidence to support the trial court's finding of fact that the words used imputed a crime. The conclusion of law is erroneous.

The trial court is instructed to enter judgment for the defendants.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.