509 P.2d 569

David SALAZAR, Jay Ven Eman, Gil Archibeque, Les Olson, Harold Martinez, William McKinstry, Robert Lopez, David Knight, Kathy Jimenez, Gloria Candelaria, Plaintiffs-Appellants,

v.

Lars BJORK and Center for Human Services, Defendants-Appellees.

No. 957.

Court of Appeals of New Mexico.

March 23, 1973.

Certiorari Denied April 26, 1973.

Frederick J. McCarthy, Belen, Ellis J. French, Albuquerque, for plaintiffs-appellants.

George T. Harris, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, Edward H. Kerman, Friedlander, Misler, Friedlander & Kerman, Washington, D. C., for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

Plaintiffs appeal from a summary judgment in favor of the defendants. Plaintiff Olson, an employee of the Model Cities Program and nine other plaintiffs, members of the board of directors or employees of United Child Care, Inc., brought suit against defendants, responsible for preparing certain evaluations and reports for a state agency, on the grounds that the reports contained false and defamatory remarks concerning plaintiffs' performance and abilities in a child care program, and that these remarks were made by defendant Bjork as employee of defendant Center for Human Services in a willful and malicious manner. The trial court granted summary judgment for the defendants because, as "arms" of the state and federal government, defendants enjoyed absolute immunity from suits for defamation. The appellate issue is whether defendants had absolute immunity.

In a second cause of action, William McKinstry alleged defendant Bjork slandered him. The trial court ruled that this second cause of action failed to state a claim upon which relief could be granted. The appellate issue is whether such a claim was stated.

In 1969 the New Mexico Department of Health and Social Services (HSSD) received a grant from the United States Department of Health, Education and Welfare (HEW) to establish a demonstration child care and development program in Albuquerque. The day-to-day operation of the program was conducted by United Child Care, Inc. (UCCI), a non-profit corporation established specifically for the child care project. Under the terms of the grant HSSD was required to make periodic progress and evaluation reports to HEW.

While the reports were to include evaluations of the project personnel as well as the project's operation, paragraph 8(8) of the grant agreement expressly provided that "[a]ll personal information concerning individuals served or studies under the project is confidential and such information may not be disclosed to unauthorized persons."

Because the agency did not have sufficient personnel to write the reports, HSSD contracted with the defendant, Center for Human Services (hereinafter referred to as "Consultants"), to evaluate the program and to write the required reports. Defendant Bjork was the regional director of

Consultants and the author of the reports in question. By express terms of their agreement, the relationship of the Consultants to HSSD was that of an "independent contractor."

Prior to answering the complaint, the defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. Since testimony and other documentary evidence was introduced at the hearing on the motion the defendants asked that their motion be regarded as a motion for summary judgment. § 21–1–1(12)(b), N.M.S.A.1953 (Repl.Vol. 4).

None of the evidence submitted in support of defendants' motion controverted any of the allegations made in plaintiffs' complaint. The evidence consisted of testimony by the former director of HSSD, Mr. Jasper, as to the duties of that department and as to the execution of the project agreement between HSSD and HEW, and the subsequent contract between HSSD and the Consultants. Copies of these agreements were submitted together with copies of the three reports in question. Mr. Jasper testified that he had left office the month before the first of these reports had been submitted but that previous reports from the Consultants had been distributed only to those authorized to receive them. At the conclusion of the hearing counsel for the plaintiffs requested permission to submit evidence on the issue of publication at a later date. In response to this request defendants' counsel stated: "I would say for the purpose of the motion I don't see why we could not admit that." Although the court gave plaintiffs two weeks in which to request another hearing or to submit further evidence, there is nothing in the record to indicate that either side did anything further.

The trial court granted defendants' motion for summary judgment on the basis that:

"1. Upon the uncontroverted evidence before the Court, the defendants, and each of them, enjoy an absolute privilege and immunity as an 'arm' of both the Health and Social Services Department of the State of New Mexico and the Health, Education, and Welfare Department of the United States.

"2. The documents containing the matters alleged to have been defamatory are not public records, and upon the uncontroverted evidence before the Court, there has been no 'publication' by Defendants, or either of them, of any defamatory statements.

"3. The Complaint, and particularly the Second Cause of Action therein set forth, fails to state a claim upon which relief can be granted."

First, as to the court's ruling that the defendants enjoyed absolute immunity as an "arm" of both HEW and HSSD, what the court intended by the use of the term "arm" we do not know. The facts are that the Consultants were independent contractors who were performing a specific job for HSSD pursuant to the terms of their agreement. There was no relationship contractual or otherwise between the Consultants and HEW. Second, is this a situation which requires the application of absolute immunity? We think not. As was stated in Stewart v. Ging, 64 N.M. 270, 327 P.2d 333 (1958), "[a]bsolute immunity from responsibility without regard to purpose, motive, or reasonableness of conduct is, and should be, confined to a very few rather well-recognized situations." However, we do believe that the facts of this case give rise to a qualified immunity. It was in the public's interest that HSSD and HEW have as complete and candid reports on the operation of this project as possible in order to enable them to supervise the project efficiently and effectively. The defendants were experts hired for the express purpose of making periodic evaluations of the project and to report these evaluations. It is in the public interest to insure that persons who furnish government agencies with information such as this, are not inhibited in their work by fear of personal liability for defamation. They must have the assurance that if they act

within the scope of their duties and act reasonably and have a reasonable belief in the truth of their remarks, even though the remarks are defamatory, they will be protected from liability. In this case, we believe that the defendants' duties so closely associated them with the executive process that it is neessary to afford them some protection in order to insure the effective functioning of the executive branch.

We are mindful that in somewhat similar circumstances the Federal courts have granted absolute immunity. See, for example, Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655 (2d Cir. 1962), cert. denied, 374 U.S. 827, 83 S.Ct. 1862, 10 L. Ed.2d 1050 (1963). It may well be that the importance and magnitude of the operations of the executive branch of the Federal Government requires this level of protection. However, we do not believe that there is any such necessity on the state level. Absolute immunity for state executive officials should be limited as was stated in Stewart v. Ging, supra, "to a very few well-recognized situations." As to all others, the law should protect only those who act reasonably and with a reasonable belief of the truth of their remarks.

The question as to whether a given occasion gives rise to qualified immunity is one for the court to determine as a matter of law. The question as to whether a given defendant has abused his immunity by acting outside the scope of his duties or by acting unreasonably or without a reasonable belief in the truth of the remarks is for the jury to determine. Only when there is no question of fact with regard to abuse of immunity may the court find no abuse as a matter of law. Stewart v. Ging, supra. We appreciate that trying to determine what is reasonable in a given situation and most especially in trying to determine whether an individual reasonably believed in the truth of the remarks he made will produce difficult subjective factual situations. The test to be applied is what a reasonable man would believe and do in similar circumstances. Cf. Handler

& Klein, The Defense of Privilege in Defamation Suits against Government Executive Officials, 74 Harv.L.Rev. 44 (1960).

Many of the cases in New Mexico dealing with defamation and the defense of qualified or absolute immunity such as Mahona-Jojanto, Inc. v. Bank of New Mexico, 79 N.M. 293, 442 P.2d 783 (1968); Stewart v. Ging, supra; and Ward v. Ares, 29 N.M. 418, 223 P. 766 (1924) have used the term "qualified privilege" where we have used the words "qualified immunity". No distinction is intended; we merely believe that use of the word "immunity" is a more precise description of the protection afforded in this area. We hold that the facts and circumstances in this case give rise to a qualified immunity. See Mahona-Jojanto, Inc. v. Bank of New Mexico, supra. Whether that immunity has been lost through abuse has not been determined. Lacking such a determination, the summary judgment cannot be sustained on the basis of a qualified immunity.

As to the trial court's ruling that there has been no publication hereto the court was in error; publication was admitted for the purpose of the motion, and there was no evidence on the issue. The summary judgment cannot be sustained on the basis of no publication.

We next examine the court's ruling that plaintiffs' complaint and particularly the second cause of action failed to state a claim upon which relief could be granted. The second cause of action alleged that Bjork falsely accused McKinstry "of hindering communication of evaluations from the defendant to the Board of United Child Care, Inc. and to the trainers of the Board." It asserts this was slanderous because Bjork knew, or should have known that ". . . McKinstry was responsible for the training of the members of the Board and was in charge of the trainers of the Board. . . ." Dillard v. Shattuck, 36 N.M. 202, 11 P.2d 543 (1932).

The allegations are not slanderous per se. Special damages not having been pleaded, the second cause of action does

not state a claim on which relief can be granted. Dillard v. Shattuck, supra. This established principle for a slander action was not changed in Reed v. Melnick, 81 N.M. 608, 471 P.2d 178 (1970).

The summary judgment dismissing the first cause of action is reversed. The dismissal of the second cause of action is affirmed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.